**Ex parte Gabriel ARREDONDO.**

No. 31194–01.

Court of Criminal Appeals of Texas, En Banc.

Dec. 18, 1996.

Warren Alan Wolf, San Antonio, for appellant.

Angelia Moore, Robert Padett, Asst. Dist. Attys., San Antonio, Matthew Paul, State's Atty., Austin, for State.

Before the court en banc.

Application for Writ of Habeas Corpus denied without written order:

OVERSTREET, Judge, dissenting.

This is a post-conviction application for writ of habeas corpus pursuant to Art. 11.07, V.A.C.C.P. Applicant was convicted of murder in 1995 in Bexar County upon a guilty plea. He now contends that his plea was involuntary because he relied upon the erroneous advice of counsel regarding parole eligibility.

The issue in this case is whether the applicant's reliance upon defense counsel's erroneous advice is grounds for rendering his plea involuntary. In order to properly address this question, this Court must first find that the applicant was misinformed by the attorney regarding his parole eligibility. According to the record, the trial court found that the defense attorney did inform the applicant that he would be eligible for parole after completing one-fourth (¼) of his forty year sentence; however, the applicant was not actually eligible for parole until the completion of one-third (⅓) of the sentence. Based upon this finding, the trial court concluded that the attorney did give erroneous advice.

Next, it must be determined whether the applicant relied upon the erroneous advice in his decision to plead guilty. It is quite common for a defendant to consider parole eligibility when deciding to plead guilty. Both defense attorneys and prosecutors know or should know that this is one of the defendant's key considerations in reaching a decision to plead guilty because most defendants are concerned with the earliest release date. In the case at bar, the trial court via a Criminal Law Magistrate of Bexar County, held a hearing and filed findings of fact and conclusions of law. The court, adopting the Magistrate's findings, conclusions, and recommendation, determined that defense counsel gave erroneous advice regarding parole eligibility and that the applicant relied on this erroneous information in deciding to plead guilty. Based upon this determination the trial court recommended that the applicant's request for relief be granted.

Now the issue can be addressed as to whether the applicant's reliance on the erroneous advice renders his plea involuntary. A guilty plea must be made knowingly and

freely. *Ex parte Young,* 644 S.W.2d 3, 4 (Tex.Cr.App.1983). If a defendant relies upon the erroneous advice of the attorney in making a guilty plea, the plea is rendered *involuntary* because it could not be considered to have been made *knowingly.* When this Court held in *Ex parte Evans,* 690 S.W.2d 274 (Tex.Cr.App.1985), that erroneous advice by defense counsel on the subject of parole eligibility did not render the plea involuntary, it lost focus of the key issue; the issue being the effect of the erroneous advice on defendant's decision to plead. Instead, the Court in *Evans* chose to focus on the "nature" of the erroneous advice made by defense counsel.

It is an undisputed fact in this case that counsel gave erroneous advice to the defendant which affected his decision to plead guilty. The attorney told the defendant that he would be eligible for parole after serving one-forth of his sentence. As a result, the defendant became focused on the earliest date that he might be eligible for parole. Being influenced by the erroneous information, applicant pled guilty to the offense. He argues that he would not have plead guilty had he known that he would have to serve one-third of his sentence. Thus, it could hardly be argued that applicant made a fully informed decision to plea. If the decision is not fully informed, it cannot be argued that the plea meets the requirements for a voluntary plea.

Therefore, the focus of this court in trying to determine the voluntariness of the applicant's plea should be his reliance on the erroneous information and not the "nature" of the erroneous advice as cited in *Evans, supra. Evans* insists upon focusing on the "speculative nature" of parole in rationalizing its decision, which misses the main point. Of course, estimating the approximate time that a defendant would be eligible for parole is speculative; however, there are basic guidelines which can be used to estimate parole eligibility. In this case, the attorney misinformed applicant as to the length of time he would have to serve before being considered for parole for the crime of murder. This is not speculative because the law in effect at that time clearly provides that one would not be eligible for parole on a murder conviction until the expiration of one-third of the sentence. The attorney represented to the defendant that he would have to serve only one-fourth of the sentence before being eligible for parole. This is clearly erroneous information upon which the applicant relied upon in deciding to plead guilty.

Although *Evans* held that the erroneous advice of defense counsel did not render defendant's plea involuntary based on the "speculative nature" of parole eligibility, the Court did cite instances where the erroneous advice of an attorney did render a plea involuntary. *Evans* at 278. In each of those cases, the attorney gave erroneous advice to the defendant which the defendant relied upon in deciding to plead guilty. For example, *Evans* cites *Ex parte Smith,* 678 S.W.2d 78 (Tex.Cr.App.1984), where the defendant was told the incorrect range of punishment. He was told that the punishment range was two to twenty years when it was actually two to ten years. The defendant pled guilty based on the erroneous information and was sentenced to eight years. It was determined that he would not have plead guilty had he known the actual range, *Evans* at 277. The court concluded that the defendant was "not aware of the consequences of his plea" and that his plea was involuntary as a result. *Smith* at 79. The present case is no different from that case because the defendant relied upon incorrect information in both.

In the instant case, applicant has shown that 1) defense counsel gave him erroneous information regarding parole eligibility, 2) he relied upon this advice in deciding to plead guilty, and 3) he would not have plead guilty had he known otherwise. Thus, applicant's plea cannot be construed as voluntary since he could not have made a fully informed decision based on the erroneous advice of his attorney. Furthermore, the trial court has held a hearing and filed its finding and recommended that the applicant be granted relief. Giving the appropriate deference to the trial court as the primary factfinder on habeas corpus applications, and the record supporting such findings, I agree with the trial court's recommendation that relief be granted. Accordingly, I respectfully dissent to the

majority's decision to deny applicant relief without written order.

BAIRD and MEYERS, JJ., join.