# NO. 12-09-00185-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JOEL DOMINGUEZ,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 114TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

---

### *MEMORANDUM OPINION*

Joel Dominguez appeals from his conviction for aggravated robbery. In two issues, Appellant argues that his plea of guilty was involuntary and that he received ineffective assistance of counsel. We affirm.

### BACKGROUND

Appellant robbed an employee of a retail store in Tyler, Texas at gunpoint. The record does not contain many details of the offense, but it appears that the police apprehended Appellant as he exited the store. Appellant pleaded guilty as charged without benefit of a plea agreement. The trial court held a sentencing hearing. Following the hearing, the trial court assessed a sentence of imprisonment for forty years.

Appellant filed a motion for new trial. In an affidavit filed with his motion, Appellant alleged that he received ineffective assistance of counsel and that his guilty plea was involuntary. Specifically, Appellant asserted that his attorney did not provide him with documents related to the case, did not spend adequate time counseling him about his case, did not file a motion for bond reduction, and did not explain his right to a jury trial or his Fifth Amendment right not to incriminate himself. Finally, in his affidavit, Appellant asserts that he "never expected more than a fifteen year sentence based on our conversations" and that he understands that he will be released after one half of his sentence has been served.

The trial court held a hearing. The parties offered documentary evidence, Appellant

1

offered his affidavit, and the State called Appellant's trial attorney to testify. Following the hearing, the trial court overruled Appellant's motion for new trial. This appeal followed.

<u>**MOTION FOR NEW TRIAL**</u>

In his first issue, Appellant argues that he received ineffective assistance of counsel. He alleges that his attorney was ineffective because he failed to meet with him and counsel him about the case and because, he asserts, counsel gave him inadequate advice. In his second issue, Appellant argues that his guilty plea was involuntary because of the advice he received from his attorney. Because Appellant's complaints and the issues are intertwined, we will address them together.

<u>**Standard of Review and Applicable Law**</u>

The decision to grant or to deny a motion for new trial is largely within the discretion of the trial court. *See Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004). We do not substitute our judgment for that of the trial court, but rather decide whether, based on our review of the record, the trial court's decision was arbitrary or unreasonable. *See Holden v. State*, 201 S.W.3d 761, 763 (Tex. Crim. App. 2006); *Lewis v. State*, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995).

We must view the evidence in the light most favorable to the trial court's ruling and presume that all reasonable factual findings that could have been made against the losing party were made against that losing party. *See Charles*, 146 S.W.3d at 208. Furthermore, even if the evidence consists of affidavits, we apply a "deferential rather than de novo standard" to the "trial court's determination of historical facts." *Id*. at 210.

As part of the Sixth Amendment's guarantee of a right to a fair trial, a defendant in a criminal case is entitled to the effective assistance of counsel. *See Cuyler v. Sullivan*, 446 U.S. 335, 343-44, 100 S. Ct. 1708, 1715-16, 64 L. Ed. 2d 333 (1980); *see also Gideon v. Wainwright*, 372 U.S. 335, 339-40, 83 S. Ct. 792, 794, 9 L. Ed. 2d 799 (1963) (right to counsel is necessary to protect fundamental right to fair trial). The Supreme Court has established a two pronged test for determining whether a defendant has had ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). Texas has adopted the *Strickland* test. *See Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986).

To establish ineffective assistance of counsel, an appellant must first show counsel's performance was deficient to the extent that it fell below an objective standard of reasonableness under prevailing professional norms. *See Strickland*, 466 U.S. at 687-88, 104 S. Ct. at 2064-65. Second, a defendant claiming ineffective assistance of counsel in the plea process must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *See Ex parte Briggs*, 187 S.W.3d 458, 469 (Tex. Crim. App.

2005); *Ex parte Battle*, 817 S.W.2d 81, 83 (Tex. Crim. App. 1991).

Allegations of ineffectiveness must be firmly founded in the record. *See Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002). The *Strickland* test "of necessity requires a case-by-case examination of the evidence." *See Williams v. Taylor*, 529 U.S. 362, 391, 120 S. Ct. 1495, 1512, 146 L. Ed. 2d 389 (2000). A trial court may not accept a plea of guilty unless it appears that the defendant is mentally competent and the plea is free and voluntary. TEX. CODE CRIM. PROC. ANN. art. 26.13(b) (Vernon Supp. 2009). "A plea of guilty is not knowingly and voluntarily entered if it is made as a result of ineffective assistance of counsel." *See Ex parte Burns*, 601 S.W.2d 370, 372 (Tex. Crim. App. 1980); *Ex parte Karlson*, 282 S.W.3d 118, 129 (Tex. App.–Fort Worth 2009, pet. ref'd).

## Analysis

Appellant's complaints about his attorney and the guilty plea procedure can be divided into two groupings. The first grouping of complaints relates to the conduct of his attorney in terms of attending to his needs and answering his questions. According to Appellant's affidavit, his attorney did not return his phone calls, only met with him in the courtroom before and after other hearings, only spoke with him four times before his plea, did not furnish him with copies of the "indictment, book-in sheet, probable cause affidavit, offense reports" or statements, did not file a motion for a bond reduction, and did not convey a plea offer to him.

The second grouping of complaints involves the actual advice Appellant's attorney gave him. Appellant asserts in his affidavit that his attorney did not explain his right to a jury trial or to call witnesses or his right to remain silent. He says that he did not know that the full range of punishment was available to the trial court based on his open plea of guilt and "never expected more than a fifteen year sentence based on our conversations." He also says that counsel told him to plead guilty. Finally, Appellant asserts that counsel told him that he would be released after he has served one-half of his sentence.

With respect to the first grouping, Appellant did not establish that any of these perceived failings by counsel were below a minimum level of professional representation. Counsel disagreed with some of Appellant's claims specifically. For example, counsel testified that the U.S. government had placed a hold on Appellant because Appellant was in the country illegally. Accordingly, he maintained that securing a lower bond on this charge would serve no purpose. Furthermore, he testified that he was not able to get a plea offer from the prosecutors. After being persistent, counsel was able to get a prosecutor to talk to a supervisor and get permission to convey an offer. The offer that was finally made was that the State would agree to Appellant's being sentenced to life in prison in exchange for a plea of guilty.

Appellant has not shown that any of these issues, even if the trial court credited his

affidavit, should have caused the trial court to conclude that he would not have pleaded guilty if counsel had done the things he complained were not done. For example, assuming counsel did not convey the State's offer that Appellant agree to a sentence of life in prison, Appellant has not shown that he would have taken a different course of action. *See **Ex parte Wilson***, 724 S.W.2d 72, 73-74 (Tex. Crim. App. 1987). So too has Appellant failed to show that any inadequacy of the pretrial counseling he received affected his decision to plead guilty. Importantly, he does not allege that he did not understand the charges against him or the consequences of his plea. *See **Burke v. State***, 80 S.W.3d 82, 93 (Tex. App.–Fort Worth 2002, no pet.). Similarly, he has not shown that counsel's failure to file a motion to reduce the bond influenced his decision to plead guilty. Appellant did not rebut counsel's testimony that seeking a bond reduction would have been pointless in light of the immigration hold placed on Appellant.

The second grouping of complaints is not so easily dismissed. A plea can be involuntary if counsel gives a defendant inaccurate advice. *See*, *e.g.*, ***Ex parte Arredondo***, 940 S.W.2d 661, 662 (Tex. Crim. App. 1996). Similarly, trial counsel's representation can amount to ineffective assistance of counsel, in the appropriate case, if he gives inaccurate advice. *See **Ex parte Battle***, 817 S.W.2d 81, 84 (Tex. Crim. App. 1991). In ***Battle***, the court held that counsel was ineffective when the attorney allowed his client to plead guilty, and to turn down a plea offer in order to request a suspended sentence for which he was ineligible. ***Id***. Advice about parole eligibility and its effect on a plea is more complicated. The court of criminal appeals has held that parole attainment is so speculative that mere erroneous advice about parole attainment does not render a plea involuntary, although it can be relevant to whether a plea is involuntary if parole attainment is an element of the plea agreement. *See **Ex parte Evans***, 690 S.W.2d 274, 279 (Tex. Crim. App. 1985).

Admonishments given prior to a plea are regulated by statute. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13. When the record reflects that a defendant was properly admonished, it presents a prima facie showing that the guilty plea was knowing and voluntary. *See **Martinez v. State***, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998); ***Arreola v. State***, 207 S.W.3d 387, 391 (Tex. App.–Houston [1st Dist.] 2006, no pet.). The burden then shifts to the defendant to demonstrate that his plea was not voluntary. ***Martinez***, 981 S.W.2d at 197. A defendant who attests when he enters his plea of guilty that he understands the nature of his plea and that his plea is voluntary has a heavy burden on appeal to show that his plea was involuntary. *See **Houston v. State***, 201 S.W.3d 212, 217 (Tex. App.–Houston [14th Dist.] 2006, no pet.); ***Dusenberry v. State***, 915 S.W.2d 947, 949 (Tex. App.–Houston [1st Dist.] 1996, pet. ref'd).

After reviewing the evidence in this case, we hold that the trial court did not abuse its discretion in finding that Appellant did not meet his burden either to show that his guilty plea was

4

involuntary or that he received ineffective assistance of counsel. In his affidavit, Appellant does not assert that he would not have pleaded guilty had he received different advice. Furthermore, to the extent Appellant's affidavit can be read to assert that counsel did not inform him of his rights or that he misunderstood the punishment options available to the trial court, those assertions were contradicted by Appellant's counsel. Counsel testified that he answered Appellant's questions and that he told Appellant that the full range of punishment was available. Counsel also stated that if he had maintained any doubts as to Appellant's understanding of the plea process, he would have had further conversations to clear up any confusion. He also testified that while he told Appellant that this was a conviction for which he would have to serve at least one-half of his sentence, he never told Appellant that he would be released automatically after serving half of his sentence or that he would receive a specific sentence.

The trial court was entitled to credit this testimony. The trial court also took judicial notice of the prior proceedings. Accordingly, the trial court could consider the admonishments given to Appellant before he pleaded guilty. Appellant does not argue that the admonishments were inadequate. During the admonishments prior to his plea, Appellant assured the trial court that he understood that he could be sentenced to imprisonment for life as a result of his plea, that he understood he had a right to a jury trial, that he was freely and voluntarily waiving his rights, and that he wished to plead guilty.

The trial court's determination that Appellant did not receive ineffective assistance of counsel and that his guilty plea was voluntary is supported by the record. Accordingly, we overrule Appellant's two issues.

#### DISPOSITION

Having overruled Appellant's two issues, we *affirm* the judgment of the trial court.

**SAM GRIFFITH**
Justice

Opinion delivered June 30, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

5