NO.
12-09-00185-CR

      

                         IN THE COURT OF
APPEALS         

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

JOEL
DOMINGUEZ,                                        '                 APPEAL FROM THE 114TH

APPELLANT

 

V.                                                                         '                 JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE                                                        '                 SMITH COUNTY,
TEXAS

                                                        
                                         

                                                      MEMORANDUM
OPINION

            Joel
Dominguez appeals from his conviction for aggravated robbery.  In two issues,
Appellant argues that his plea of guilty was involuntary and that he received
ineffective assistance of counsel.  We affirm.

 

Background

            Appellant
robbed an employee of a retail store in Tyler, Texas at gunpoint.  The record
does not contain many details of the offense, but it appears that the police
apprehended Appellant as he exited the store.  Appellant pleaded guilty as
charged without benefit of a plea agreement.  The trial court held a sentencing
hearing.  Following the hearing, the trial court assessed a sentence of
imprisonment for forty years.  

            Appellant
filed a motion for new trial.  In an affidavit filed with his motion, Appellant
alleged that he received ineffective assistance of counsel and that his guilty
plea was involuntary.  Specifically, Appellant asserted that his attorney did
not provide him with documents related to the case, did not spend adequate time
counseling him about his case, did not file a motion for bond reduction, and did
not explain his right to a jury trial or his Fifth Amendment right not to
incriminate himself.  Finally, in his affidavit, Appellant asserts that he
“never expected more than a fifteen year sentence based on our conversations”
and that he understands that he will be released after one half of his sentence
has been served.  

            The
trial court held a hearing.  The parties offered documentary evidence,
Appellant offered his affidavit, and the State called Appellant’s trial
attorney to testify.  Following the hearing, the trial court overruled
Appellant’s motion for new trial.  This appeal followed.

 

Motion for New Trial

            In
his first issue, Appellant argues that he received ineffective assistance of
counsel.  He alleges that his attorney was ineffective because he failed to
meet with him and counsel him about the case and because, he asserts, counsel
gave him inadequate advice.  In his second issue, Appellant argues that his
guilty plea was involuntary because of the advice he received from his
attorney.  Because Appellant’s complaints and the issues are intertwined, we
will address them together.

Standard
of Review and Applicable Law

            The
decision to grant or to deny a motion for new trial is largely within the
discretion of the trial court.  See Charles v. State, 146 S.W.3d
204, 208 (Tex. Crim. App. 2004).  We do not substitute our judgment for that of
the trial court, but rather decide whether, based on our review of the record,
the trial court’s decision was arbitrary or unreasonable.  See Holden v.
State, 201 S.W.3d 761, 763 (Tex. Crim. App. 2006); Lewis v. State,
911 S.W.2d 1, 7 (Tex. Crim. App. 1995).

            We
must view the evidence in the light most favorable to the trial court's ruling
and presume that all reasonable factual findings that could have been made
against the losing party were made against that losing party.  See Charles,
146 S.W.3d at 208.  Furthermore, even if the evidence consists of affidavits,
we apply a “deferential rather than de novo standard” to the “trial court’s
determination of historical facts.”  Id. at 210.

            As
part of the Sixth Amendment's guarantee of a right to a fair trial, a defendant
in a criminal case is entitled to the effective assistance of counsel.  See Cuyler
v. Sullivan, 446 U.S. 335, 343-44, 100 S. Ct. 1708, 1715-16, 64 L. Ed.
2d 333 (1980); see also Gideon v. Wainwright, 372 U.S. 335, 339-40,
83 S. Ct. 792, 794, 9 L. Ed. 2d 799 (1963) (right to counsel is necessary to
protect fundamental right to fair trial). The Supreme Court has established a
two pronged test for determining whether a defendant has had ineffective
assistance of counsel.  See Strickland v. Washington, 466 U.S.
668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984).  Texas has adopted
the Strickland test.  See Hernandez v. State, 726
S.W.2d 53, 57 (Tex. Crim. App. 1986).

            To
establish ineffective assistance of counsel, an appellant must first show
counsel’s performance was deficient to the extent that it fell below an
objective standard of reasonableness under prevailing professional norms.  See
Strickland, 466 U.S. at 687-88, 104 S. Ct. at 2064-65. Second, a
defendant claiming ineffective assistance of counsel in the plea process must
show “a reasonable probability that, but for counsel’s errors, he would not
have pleaded guilty and would have insisted on going to trial.”  See Ex
parte Briggs, 187 S.W.3d 458, 469 (Tex. Crim. App. 2005); Ex
parte Battle, 817 S.W.2d 81, 83 (Tex. Crim. App. 1991).  

            Allegations
of ineffectiveness must be firmly founded in the record.  See Bone v.
State, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002).  The Strickland
test “of necessity requires a case-by-case examination of the evidence.”  See
Williams v. Taylor, 529 U.S. 362, 391, 120 S. Ct. 1495, 1512, 146 L.
Ed. 2d 389 (2000).  A trial court may not accept a plea of guilty unless it
appears that the defendant is mentally competent and the plea is free and
voluntary.  Tex. Code Crim. Proc. Ann. art. 26.13(b) (Vernon Supp. 2009).  “A
plea of guilty is not knowingly and voluntarily entered if it is made as a
result of ineffective assistance of counsel.”  See Ex parte Burns,
601 S.W.2d 370, 372 (Tex. Crim. App. 1980); Ex parte Karlson, 282
S.W.3d 118, 129 (Tex. App.–Fort Worth 2009, pet. ref’d). 

Analysis

            Appellant’s
complaints about his attorney and the guilty plea procedure can be divided into
two groupings.  The first grouping of complaints relates to the conduct of his
attorney in terms of attending to his needs and answering his questions. 
According to Appellant’s affidavit, his attorney did not return his phone
calls, only met with him in the courtroom before and after other hearings, only
spoke with him four times before his plea, did not furnish him with copies of
the “indictment, book-in sheet, probable cause affidavit, offense reports” or
statements, did not file a motion for a bond reduction, and did not convey a
plea offer to him.  

            The
second grouping of complaints involves the actual advice Appellant’s attorney
gave him.  Appellant asserts in his affidavit that his attorney did not explain
his right to a jury trial or to call witnesses or his right to remain silent. 
He says that he did not know that the full range of punishment was available to
the trial court based on his open plea of guilt and “never expected more than a
fifteen year sentence based on our conversations.”  He also says that counsel
told him to plead guilty.  Finally, Appellant asserts that counsel told him
that he would be released after he has served one-half of his sentence.

            With
respect to the first grouping, Appellant did not establish that any of these
perceived failings by counsel were below a minimum level of professional
representation.  Counsel disagreed with some of Appellant’s claims
specifically.  For example, counsel testified that the U.S. government had
placed a hold on Appellant because Appellant was in the country illegally. 
Accordingly, he maintained that securing a lower bond on this charge would
serve no purpose.  Furthermore, he testified that he was not able to get a plea
offer from the prosecutors.  After being persistent, counsel was able to get a
prosecutor to talk to a supervisor and get permission to convey an offer.  The
offer that was finally made was that the State would agree to Appellant’s being
sentenced to life in prison in exchange for a plea of guilty.  

            Appellant
has not shown that any of these issues, even if the trial court credited his
affidavit, should have caused the trial court to conclude that he would not
have pleaded guilty if counsel had done the things he complained were not
done.  For example, assuming counsel did not convey the State’s offer that
Appellant agree to a sentence of life in prison, Appellant has not shown that
he would have taken a different course of action.  See Ex parte Wilson,
724 S.W.2d 72, 73-74 (Tex. Crim. App. 1987).  So too has Appellant failed to
show that any inadequacy of the pretrial counseling he received affected his
decision to plead guilty.  Importantly, he does not allege that he did not
understand the charges against him or the consequences of his plea.  See Burke
v. State, 80 S.W.3d 82, 93 (Tex. App.–Fort Worth 2002, no pet.). 
Similarly, he has not shown that counsel’s failure to file a motion to reduce
the bond influenced his decision to plead guilty.  Appellant did not rebut
counsel’s testimony that seeking a bond reduction would have been pointless in
light of the immigration hold placed on Appellant.

            The
second grouping of complaints is not so easily dismissed.  A plea can be
involuntary if counsel gives a defendant inaccurate advice.  See, e.g.,
Ex parte Arredondo, 940 S.W.2d 661, 662 (Tex. Crim. App. 1996). 
Similarly, trial counsel’s representation can amount to ineffective assistance
of counsel, in the appropriate case, if he gives inaccurate advice.  See Ex
parte Battle, 817 S.W.2d 81, 84 (Tex. Crim. App. 1991).  In Battle,
the court held that counsel was ineffective when the attorney allowed his
client to plead guilty, and to turn down a plea offer in order to request a
suspended sentence for which he was ineligible.  Id.  Advice
about parole eligibility and its effect on a plea is more complicated.  The
court of criminal appeals has held that parole attainment is so speculative
that mere erroneous advice about parole attainment does not render a plea
involuntary, although it can be relevant to whether a plea is involuntary if
parole attainment is an element of the plea agreement.  See Ex
parte Evans, 690 S.W.2d 274, 279 (Tex. Crim. App. 1985).

            Admonishments
given prior to a plea are regulated by statute.  See Tex. Code Crim. Proc. Ann. art. 26.13. When the record reflects that a
defendant was properly admonished, it presents a prima facie showing that the
guilty plea was knowing and voluntary.  See Martinez v. State,
981 S.W.2d 195, 197 (Tex. Crim. App. 1998); Arreola v. State, 207
S.W.3d 387, 391 (Tex. App.–Houston [1st Dist.] 2006, no pet.). The burden then
shifts to the defendant to demonstrate that his plea was not voluntary.  Martinez,
981 S.W.2d at 197.  A defendant who attests when he enters his plea of guilty
that he understands the nature of his plea and that his plea is voluntary has a
heavy burden on appeal to show that his plea was involuntary.  See Houston
v. State, 201 S.W.3d 212, 217 (Tex. App.–Houston [14th Dist.] 2006, no
pet.); Dusenberry v. State, 915 S.W.2d 947, 949 (Tex.
App.–Houston [1st Dist.] 1996, pet. ref’d). 

            After
reviewing the evidence in this case, we hold that the trial court did not abuse
its discretion in finding that Appellant did not meet his burden either to show
that his guilty plea was involuntary or that he received ineffective assistance
of counsel.  In his affidavit, Appellant does not assert that he would not have
pleaded guilty had he received different advice.  Furthermore, to the extent
Appellant’s affidavit can be read to assert that counsel did not inform him of
his rights or that he misunderstood the punishment options available to the
trial court, those assertions were contradicted by Appellant’s counsel. 
Counsel testified that he answered Appellant’s questions and that he told
Appellant that the full range of punishment was available.  Counsel also stated
that if he had maintained any doubts as to Appellant’s understanding of the
plea process, he would have had further conversations to clear up any
confusion.  He also testified that while he told Appellant that this was a
conviction for which he would have to serve at least one-half of his sentence,
he never told Appellant that he would be released automatically after serving
half of his sentence or that he would receive a specific sentence.

            The
trial court was entitled to credit this testimony.  The trial court also took
judicial notice of the prior proceedings.  Accordingly, the trial court could
consider the admonishments given to Appellant before he pleaded guilty. 
Appellant does not argue that the admonishments were inadequate. During the
admonishments prior to his plea, Appellant assured the trial court that he
understood that he could be sentenced to imprisonment for life as a result of
his plea, that he understood he had a right to a jury trial, that he was freely
and voluntarily waiving his rights, and that he wished to plead guilty. 

            The
trial court’s determination that Appellant did not receive ineffective
assistance of counsel and that his guilty plea was voluntary is supported by
the record.  Accordingly, we overrule Appellant’s two issues.

 

Disposition

            Having
overruled Appellant’s two issues, we affirm the judgment of the
trial court.

 

                                                                                                Sam Griffith

                                                                                                     
 Justice

 

 

Opinion delivered June 30, 2010.

Panel consisted
of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

(DO NOT PUBLISH


 
 
 
 
 
 
 
  
 
 
 
 
 
  
 


)