**Ex parte Willie James BATTLE, Applicant.**

**No. 71200.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 16, 1991.

Willie James Battle, pro se.

John Vance, Dist. Atty., and Teresa Tolle, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

OVERSTREET, Judge.

Willie James Battle, applicant, was charged by two separate indictments for the offense of aggravated sexual assault of a child with enhancement allegations, alleged to have been committed on April 7, 1990, in Dallas County, Texas. On June 12, 1990, in the 265th District Court of Dallas County, Texas, applicant plead nolo contendere and was found guilty by the court and sentenced to two life sentences in the Texas Department of Criminal Justice, Institutional Division.

This is a post-conviction writ of habeas corpus filed pursuant to Article 11.07, V.A.C.C.P. Applicant seeks release from custody and alleges ineffective assistance of counsel because his attorney failed to conduct a thorough examination of applicant's prior criminal history thereby allowing him to enter his plea with the expectation of probation when probation could not be considered. We granted review on this allegation to determine whether his plea was rendered involuntary as a result of ineffective assistance of counsel.

### I.

### SUMMARY OF PERTINENT FACTS

Applicant was charged by two separate indictments for the offense of aggravated sexual assault of a child on May 9, 1990; he was incarcerated three days later and remained incarcerated throughout the process. He met with his court appointed attorney some five times including the date of his plea to the court on June 12, 1990 and the date of sentencing, June 22, 1990. Applicant complains in his writ that he initially wanted a trial and only agreed to plea bargain because he would be considered for probation.

The trial court requested applicant's counsel file a response to the allegations, and after review of counsel's affidavit, the trial court entered findings and conclusions and determined applicant's plea of nolo contendere was knowingly and voluntarily entered and that applicant received effective assistance of counsel. There was no evidentiary hearing.

## II.

### PLEA BARGAINS AND EFFECTIVE ASSISTANCE OF COUNSEL

 Before a plea of guilty or plea of nolo contendere may be accepted by the court it must be free and voluntarily given by a mentally competent defendant. Article 26.13(b), V.A.C.C.P. The constitutional validity of a guilty plea made upon the advice of counsel depends on whether counsel's performance was reasonably competent, rendering a defendant effective representation during the particular proceedings.[1] We have also stated: "there is no doubt that an accused is entitled to effective assistance of counsel during the plea bargaining process." *Ex Parte Wilson*, 724 S.W.2d 72, 73 (Tex.Cr.App.1987). A defendant's election to plead guilty or nolo contendere when based upon erroneous advice of counsel is not done voluntarily and knowingly.

The court had no authority to grant probation according to Article 42.12, § 3g, V.A.C.C.P., since applicant was under indictment for aggravated sexual assault, an offense specifically excluded from the probation statute. Applicant's counsel's affidavit concedes that he did discuss the possibility of probation with the judge in his case; it also concedes that he was unaware of applicant's history of being on parole for a life sentence. Furthermore, counsel admits that he advised applicant that probation was possible as evidenced in his affidavit:

> ".... It is true he [applicant] initially wanted a trial. His position remained the same when I relayed to him the prosecutor's offer of 30 years. I told him I would try and get an affidavit of non-prosecution from his sister, mother of the two complaining witnesses in the assault cases.... She was unwilling to drop the charges but signed a statement to the effect that she was not opposed to Battle receiving probation.

> \* \* \* \* \* \*

.... In asking me his chances for probation I told him he had about a fifty per cent chance of getting it ... based upon his representations to me, he had not been convicted of any felony since 1975.

> On June 15, 1990, Battle entered his plea of no contest in each of the three [sic] cases. The cases were then passed in order that he might be interviewed by the probation officer.

> On June 22, 1990, the cases were set for punishment. I reviewed that morning the probation officer's report wherein I learned that Battle was currently on parole for a life sentence as well as having been convicted of other felonies.

> I immediately confronted Battle about this who at this time had been brought down to court for the punishment hearing. At this time I recommended to Battle that his chances for probation were not at all good and that he should accept the prosecutor's offer of 15 years. He refused, and was sentenced to two life terms by the Judge."

The record before us shows that applicant pled guilty to the charged offenses while fully believing he was eligible to receive court-ordered probation. By counsel's own admissions, applicant could not have made the plea voluntarily and knowingly. It is apparent applicant was hoping for probation all the while it was an impossibility given the nature of his offense. His counsel's advice, at the minimal, should have been to make him aware of the provisions of Article 42.12, § 3g, V.A.C.C.P., which explicitly prohibit probation for aggravated sexual assault. Had the statute been consulted, counsel would not have suggested a "fifty per cent chance at probation." It was not until the day of sentencing, which was a week after the plea, that the attorney recognized from the probation officer's report that probation was not likely in an open plea. And although he confronted applicant with this disparaging news, his advice was still not in the

---

1. See *Holland v. State*, 761 S.W.2d 307, 321 (Tex.Cr.App.1988) and *Meyers v. State*, 623 S.W.2d 397 (Tex.Cr.App.1981).

definitive, such as, "you are ineligible for probation," as it should have been; instead it was a more tentative "I recommended to Battle that his chances for probation were not at all good and that he should accept the prosecutor's offer of 15 years."

The test for ineffective assistance of counsel during the plea bargaining process is to show that counsel's representation fell below an objective standard of reasonableness, and that this deficient performance prejudiced the defense. *Ex Parte Wilson,* supra.[2] We are convinced from the record before us that the two part test was met. This applicant was, at all times, led by his counsel to believe that he was eligible for probation, that he had at least some chance even if the chances did not look good. Counsel's representation was below an objective standard of reasonableness. There is no evidence of his consulting the statute; nor is there evidence of him effectively searching his client's criminal history. This deficient performance certainly prejudiced a defendant who refuses a 15 year sentence offer and receives two life terms instead.

## III.

## CONCLUSION

Accordingly, the judgment of the trial court is vacated. This cause is remanded to the trial court with orders that the trial court withdraw applicant's plea and that applicant replead to the indictments in this cause. Applicant is hereby remanded to the custody of the Sheriff of Dallas County for action consistent with our holding.

CAMPBELL, J., believing that the facts in this case support relief on the basis that applicant's plea was involuntarily obtained, concurs in the result only. See *Harrison v. State,* 688 S.W.2d 497 (Tex.Cr.App.1985).

WHITE, J., joins Judge CAMPBELL'S note.

---

**2.** Citing *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985), applying the two-part test of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).