NUMBER 13-97-734-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


RAYMOND HERNANDEZ ESTRADA
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 24th District Court


of Victoria County, Texas.


___________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Yañez

Opinion by Chief Justice Seerden



 Raymond Hernandez Estrada pleaded nolo contendere to a third
degree felony charge of escape, and pleaded true to two enhancement
paragraphs in his indictment. As a result of a plea bargain, Estrada was
sentenced to twenty-five years in the Institutional Division of the Texas
Department of Criminal Justice as a habitual felony offender. Estrada
argues on appeal that he was denied effective assistance of counsel,
and the lack of effective assistance rendered his pleas involuntary. We
affirm.

Jurisdiction


 Appellant brings this appeal from a plea bargain to a felony
offense, and the punishment assessed did not exceed the punishment
recommended by the prosecutor and agreed to by the defendant. 
Appellant filed only a general notice of appeal, and thus failed to comply
with the specific notice requirements of Texas Rule of Appellate
Procedure 25.2(b)(3). See Tex. R. App. P. 25.2(b)(3). However, a plea
bargaining defendant who has failed to comply with the notice
requirements of this rule can nevertheless challenge the voluntariness
of his plea. See, e.g., Marshall v. State, No. 13-99-153-CR (Corpus
Christi August 10, 2000, n.p.h.)(designated for publication); Davis v.
State, 7 S.W.3d 695, 696 (Tex.App.­Houston [1st Dist.] 1999, pet. ref'd). 
Therefore, although we do not have jurisdiction to address appellant's
claims insofar as they concern ineffective assistance of counsel, we do
have jurisdiction over a claim of involuntariness of the guilty plea, and
will proceed accordingly.

Applicable Law


 Appellant states that he did not receive effective assistance of
counsel, and thus his plea bargain was not knowing and voluntary. 
Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d
674 (1984), sets forth the proper standard of review for effectiveness of
counsel. See Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App.
1999); Hernandez v. State, 988 S.W.2d 770, 772 (Tex. Crim. App.
1999). 

 Strickland requires a two-part inquiry. The defendant must first
show that counsel's performance was deficient, i.e., that his assistance
fell below an objective standard of reasonableness. Thompson, 9
S.W.2d at 812. Second, the defendant must further prove that there is
a reasonable probability that but for counsel's deficient performance,
the result of the proceeding would have been different. Id. A
reasonable probability is a probability sufficient to undermine
confidence in the outcome. Id. 

 The determination regarding whether a defendant received
effective assistance of counsel must be made according to the facts of
each case. Id. An appellate court looks to the totality of the
representation and the particular circumstances of the case in
evaluating the effectiveness of counsel. Id.

 The appellant bears the burden of proving by a preponderance of
the evidence that counsel was ineffective. Id. at 813. There is a strong
presumption that counsel's conduct fell within the wide range of
reasonable professional assistance. To defeat the presumption of
reasonable professional assistance, "any allegation of ineffectiveness
must be firmly founded in the record, and the record must affirmatively
demonstrate the alleged ineffectiveness." McFarland v. State, 928
S.W.2d 482, 500 (Tex. Crim. App. 1996), cert. denied, 519 U.S. 1119,
117 S.Ct. 966, 136 L.Ed.2d 851 (1997).

 Before a plea of guilty or plea of nolo contendere may be accepted
by the court it must be freely and voluntarily given by a mentally
competent defendant. Tex. Crim. Proc. Code Ann. art. 26.13(b) (Vernon
Supp. 2000). The constitutional validity of a guilty plea made upon the
advice of counsel depends on whether counsel's performance was
reasonably competent, rendering a defendant effective representation
during the particular proceedings. Ex parte Battle, 817 S.W.2d 81, 83
(Tex. Crim. App. 1991). A defendant's election to plead guilty or nolo
contendere when based upon erroneous advice of counsel is not done
voluntarily and knowingly. Id.

Analysis


 Estrada specifically complains that trial counsel did not inform him
of all of the possible sentencing options available to the trial court, and
this failure rendered his plea involuntary. According to Estrada, his
counsel did not advise him that the trial court could sentence him to
deferred adjudication, and that he therefore had the option of trying at
least the punishment phase of his case to the court. Estrada argues
that mitigating circumstances existed which might have allowed the
court to impose community supervision rather than imprisonment.

 The record before this court does not establish whether or not
counsel advised Estrada of his sentencing options. Moreover, the
record fails to establish that Estrada was in fact eligible for community
supervision. Under these circumstances, in light of the record and the
presumption that counsel's performance was reasonably professional,
we cannot conclude that Estrada received ineffective assistance of
counsel rendering his plea involuntary. See Gottson v. State, 940
S.W.2d 181, 185-6 (Tex. App.--San Antonio 1996, pet. ref'd).

Conclusion


 We are limited to the record before us on direct appeal. See
Thompson, 9 S.W.3d at 814-15 (contrasting direct appeals and habeas
proceedings in cases involving ineffective assistance). Given the record
before us, we determine that Estrada has not met his burden to prove
that trial counsel's representation fell below an objective standard of
reasonableness and that this deficient performance caused him to enter
a guilty plea. 

 The judgment of the trial court is affirmed.




 __________________________________

 ROBERT J. SEERDEN, Chief
Justice


Do not publish
.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this 24th day of August, 2000.