NO. 07-01-0454-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MARCH 3, 2003

_____

TED LLOYD LAWRENCE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 44,114-E; HONORABLE RICHARD DAMBOLD, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION

On October 11, 2001, pursuant to a plea bargain, appellant Ted Lloyd Lawrence pled guilty[1] to the charge of burglary of a habitation in the 108th District Court of Potter County, Texas. The trial court honored the plea bargain and sentenced appellant to

_____

[1]Appellant asserts that he pled "no contest" instead of "guilty." For purposes of appellate jurisdiction, the difference is immaterial.

incarceration in the Texas Department of Criminal Justice-Institutional Division, for 12 years. Appellant waived his right of appeal, but changed his mind after entry of judgment. He then requested permission from the trial court to appeal, filed a general notice of appeal, filed an affidavit of indigency and requested appointment of an appellate attorney. The trial court denied permission to appeal and appointed appellate counsel.

Counsel for appellant has filed a Motion to Withdraw and a Brief in Support thereof. In support of the motion to withdraw, counsel has certified that, in compliance with Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the record has been diligently reviewed and that in the opinion of counsel, the record reflects no reversible error or grounds upon which a non-frivolous appeal can arguably be predicated. Counsel concludes that the jurisdiction of this court has not been invoked, and that the appeal must be dismissed for lack of jurisdiction. Counsel thus concludes that the appeal is frivolous. Additionally, counsel has discussed why, under the controlling authorities, there is no arguably reversible error in the trial court proceedings or judgment. See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).

Counsel has attached exhibits showing that a copy of the Anders brief and Motion to Withdraw have been forwarded to appellant, and that counsel has appropriately advised appellant of appellant's right to review the record and file a response to counsel's motion and brief. The clerk of this court has likewise advised appellant of his right to file a response to counsel's motion and Anders brief. Appellant has not filed a response,

2

although the record contains a copy of a handwritten letter to his appellate attorney reflecting that appellant received a copy of the Anders brief.

The rules of appellate procedure applicable to the matter before us require that in order to perfect appeal from a judgment which was rendered on the defendant's plea of guilty or *nolo contendere*, and in which the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice of appeal must (a) specify that the appeal is for a jurisdictional defect; (b) specify that the substance of the appeal was raised by written motion ruled on before trial; or (c) state that the trial court granted permission to appeal. TEX. R. APP. P. 25.2(b)(3). Dismissal of an issue or the entire matter is appropriate unless the form of the notice of appeal is proper to perfect appeal as to the issue or matter. See Lyon v. State, 872 S.W.2d 732, 736-37 (Tex.Crim.App. 1994).

A defendant's election to plead guilty or *nolo contendere* when based upon erroneous advice of counsel is not done voluntarily and knowingly. See Ex parte Battle, 817 S.W.2d 81, 83 (Tex.Crim.App. 1991). An appellant may not challenge the voluntariness of a guilty or *nolo contendere* plea made pursuant to a plea bargain where the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, however, unless the trial court grants permission to appeal. TEX. R. APP. P. 25.2 (b); see Cooper v. State, 45 S.W.3d 77, 81 (Tex.Crim.App. 2001). Thus, a Notice of Appeal from such a plea-bargained conviction and sentence which does not state that the trial court granted permission to appeal does not invoke our

3

appellate jurisdiction, even as to allegations of ineffective assistance of counsel.

Appellant's notice of appeal does not contain allegations necessary to invoke our appellate jurisdiction. We must, therefore, dismiss the appeal. Accordingly, the appeal is dismissed for lack of jurisdiction. See Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998). Because we have no jurisdiction over the appeal except to dismiss it, see id., we cannot and do not consider appellate counsel's Motion to Withdraw.

Phil Johnson
Chief Justice

Do not publish.