

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,174

**EX PARTE MARK GATICA Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W02-71738T(B) IN THE 283RD DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery and sentenced to 40 years' confinement. The Fifth Court of Appeals affirmed his conviction. *Gatica v. State*, No. 05-03-01823-CR (Tex. App– Dallas, 2005, no pet.) (not designated for publication).

Applicant contends *inter alia* that counsel rendered ineffective assistance in the plea bargaining process because counsel advised him that he had a good chance to be placed on court

ordered community supervision and therefore should reject a plea bargain offer for five years' confinement. Applicant alleges that counsel's advice was objectively deficient as he was ineligible for court ordered community supervision by law. He alleges that counsel would have discovered that he was ineligible for court ordered community supervision by law if he had investigated the facts in this case and the applicable law further. He alleges that he was prejudiced by counsel's actions as the court imposed a forty-year sentence, which was much greater than the five-year sentence initially offered.

Based on our own independent review of the record and the trial judge's findings of fact, we find that Applicant is entitled to relief under *Ex parte Battle*, 817 S.W.2d 81, ( Tex. Crim. App. 1991). Relief is granted. The judgment in Cause No. F-02-71738T from the 283rd Judicial District Court of Dallas County is set aside, and Applicant is remanded to the custody of the Sheriff of Dallas County to answer the charge against him.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: June 17, 2009
Do Not Publish