IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-76,174




EX PARTE MARK GATICA Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. W02-71738T(B) IN THE 283RD DISTRICT COURT
FROM DALLAS COUNTY




           Per curiam.

O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and sentenced to 40 years’ confinement. The Fifth Court of Appeals affirmed his
conviction. Gatica v. State, No. 05-03-01823-CR (Tex. App– Dallas, 2005, no pet.) (not designated
for publication). 
             Applicant contends inter alia that counsel rendered ineffective assistance in the plea
bargaining process because counsel advised him that he had a good chance to be placed on court
ordered community supervision and therefore should reject a plea bargain offer for five years’
confinement. Applicant alleges that counsel’s advice was objectively deficient as he was ineligible
for court ordered community supervision by law. He alleges that counsel would have discovered that
he was ineligible for court ordered community supervision by law if he had investigated the facts in
this case and the applicable law further. He alleges that he was prejudiced by counsel’s actions as
the court imposed a forty-year sentence, which was much greater than the five-year sentence initially
offered.  
            Based on our own independent review of the record and the trial judge’s findings of fact, we
find that Applicant is entitled to relief under Ex parte Battle, 817 S.W.2d 81, ( Tex. Crim. App.
1991). Relief is granted. The judgment in Cause No. F-02-71738T from the 283rd Judicial District
Court of Dallas County is set aside, and Applicant is remanded to the custody of the Sheriff of Dallas
County to answer the charge against him.
            Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional
Institutions Division and Pardons and Paroles Division.
 
Delivered: June 17, 2009
Do Not Publish