In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00189-CR

                                                ______________________________

 

 

                              PHILLIP RANDALL GULLETT,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 354th
Judicial District Court

                                                              Hunt County, Texas

                                                            Trial
Court No. 26170

 

                                                           
                                       

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

            Phillip
Randall Gullett entered an open plea of guilty to six counts of aggravated
sexual assault of a child, eleven counts of sexual assault of a child, one
count of indecency with a child, and two counts of prohibited sexual
contact.  He was sentenced by the trial
court to forty years’ imprisonment on each count of aggravated sexual assault of
a child, twenty years’ imprisonment for each count of sexual assault of a child
and indecency with a child, and ten years’ imprisonment for each count of
prohibited sexual contact, all of the sentences to be served concurrently. 

            Gullett
appeals these convictions on the ground that his pleas were not knowing and
voluntary.  He complains that his counsel
rendered ineffective assistance by:  (1) “inadequately
explain[ing] the charges against him, the law in relation to the facts of his
case, and the consequences of his plea,” (2) “inadequately explain[ing] the
right to confront his accuser and the witnesses against him,” and (3) in
failing to file a motion for new trial to develop or adduce facts or matters
not otherwise shown in the record. 

I.          Gullett Failed to Meet
His Burden of Showing His Pleas Were Involuntary 

            When evaluating
the voluntariness of a guilty plea, we consider the entire record.  Martinez
v. State, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998) (per curiam).  When the record reflects that a defendant was
properly admonished, it presents a prima facie showing that the guilty pleas
were made knowingly and voluntarily.  Id.  Faced with this prima facie showing, the
burden then shifts to the defendant to demonstrate that his pleas were not
voluntary.  Id.  A defendant who attests
when he enters his plea of guilty that he understands the nature of his plea
and that his plea is voluntary has a heavy burden on appeal to show that his
plea was involuntary.  See Houston v. State, 201 S.W.3d 212,
217 (Tex. App.––Houston [14th Dist.] 2006, no pet.);  Dusenberry
v. State, 915 S.W.2d 947, 949 (Tex. App.––Houston [1st Dist.] 1996, pet.
ref’d).  The simple allegations of
ineffective assistance of counsel, standing alone, are not sufficient to meet
that burden.

            Gullett’s
brief admits (and the record confirms) that he “was properly admonished by the
court both orally and in writing” in accord with Article 26.13 of the Texas
Code of Criminal Procedure.  Tex. Code Crim. Proc. Ann. art.
26.13(a) (Vernon Supp. 2010).  Gullett
stated at the hearing that he was satisfied with counsel’s representation and
that he signed judicial confessions and stipulations of evidence admitted in
evidence at the plea hearing; he further represented, both in writing and on the
record, that he received the court’s admonishments and was aware of the
consequences of the plea.  During the
plea hearing, Gullett testified that:  (1)
he had been provided sufficient time with counsel to go over the facts related
to each count in the indictment, (2) he understood the paperwork that he
signed, (3) he understood the punishment ranges for the offenses, and (4) he
was entering guilty pleas to the charges in the indictments because he was
guilty.  Gullett went further to state at
that hearing that he understood that he was waiving his right to a jury trial
and the right to cross-examine witnesses. 

            The
trial court concluded, as do we, that Gullett’s guilty pleas were entered
knowingly and voluntarily.  We overrule
his first issue.

II.        The
Record Does Not Support Gullett’s Allegations of Ineffective Assistance 

            A.        Standard of Review 

            A defendant is entitled to effective
assistance of counsel during the plea bargaining process.  Hart v.
State, 314 S.W.3d 37, 40 (Tex. App.––Texarkana 2010, no pet.) (citing Ex parte Battle, 817 S.W.2d 81, 83 (Tex.
Crim. App. 1991) (en banc)).  “No plea of
guilty or plea of nolo contendere shall be accepted by the court unless it
appears that the defendant is mentally competent and the plea is free and
voluntary.”  Tex. Code Crim. Proc. Ann. art. 26.13(b) (Vernon Supp. 2009).  “A plea of guilty is not knowingly and
voluntarily entered if it is made as a result of ineffective assistance of
counsel.”  Hart, 314 S.W.3d at 40 (quoting
Ex parte Burns, 601 S.W.2d 370, 372 (Tex. Crim. App. 1980)). 

            We
employ the two pronged Strickland[1] test for determining whether a
defendant received ineffective assistance of counsel during a guilty plea.  Id. at
40 (citing Hill v. Lockhart, 474 U.S.
52, 58–59 (1985); Ex parte Imoudu,
284 S.W.3d 866, 869 (Tex. Crim. App. 2009)). 
To establish ineffective assistance of counsel, an appellant must first
show counsel’s performance was deficient to the extent that it fell below an
objective standard of reasonableness under prevailing professional norms.  Strickland,
466 U.S. at 687–88.  Second, a defendant
claiming that he was provided ineffective assistance of counsel in the plea
process must show “a reasonable probability that, but for counsel’s errors, he
would not have pleaded guilty and would have insisted on going to trial.”  See Ex
parte Briggs, 187 S.W.3d 458, 469 (Tex. Crim. App. 2005); Battle, 817 S.W.2d at 83.

            The
Strickland test “requires a
case-by-case examination of the evidence.”  Hart,
314 S.W.3d at 41 (citing Williams v.
Taylor, 529 U.S. 362, 391 (2000)).  Allegations
of ineffectiveness must be firmly founded in the record.  Id. (citing
Bone v. State, 77 S.W.3d 828, 835
(Tex. Crim. App. 2002)).  Rarely will a
reviewing court be provided the opportunity to make its determination on direct
appeal with a record capable of providing an evaluation of the merits of the
claim involving ineffective assistance claims.  Thompson
v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).  “In the majority of instances, the record on
direct appeal is simply undeveloped and cannot adequately reflect” the
reasoning of trial counsel.  Id. at 813–14.  As demonstrated below, this is such a case. 

            B.        Analysis of Allegations of
Ineffectiveness 

            In
a conclusory manner, Gullett argues his plea was involuntary “because of trial
counsel’s inadequate explanation of the charges against him, the law in
relation to the facts of his case, and the consequences of his plea.”  The record and Gullett’s brief fail to reveal
what advice, if any, was given.  We have
not been provided with a record (such as that which might have been produced by
way of a hearing on a motion for new trial, a habeas corpus hearing, or by
affidavit) attempting to explain counsel’s strategy (or, alternatively, want of
strategy) as to any alleged errors or omissions.  Additionally, the record demonstrates that
Gullett expressed that he was satisfied with counsel’s representation, that the
charges against him were explained, and that he understood the consequences of
his plea.  

1.         Gullett
Does Not Allege Any Acts or Omissions Occurred With Respect to Most Allegations
of Ineffectiveness 

 

            Gullett
recites that a psychological evaluation revealed that he “had a history of
learning difficulties,” relied on others to “make everyday decisions,” was “emotionally
immature,” had “a naïve and childish view of the world,” engaged “in
self-defeating behaviors,” and “has been hospitalized for depression and
suicidal thoughts.”  He claims that
because he had “mental and learning difficulties, trial counsel should have
taken steps to make sure that Appellant demonstrated an understanding of the
charges against him and that he had a right to not plead guilty to them.”  Gullett does not particularly specify the
additional steps that he believes counsel was required to take or should have
taken.

            There
is nothing in the record suggesting counsel did not take steps “to make sure
that Appellant demonstrated an understanding of the charges against him.”  Instead, the record shows a motion suggesting
Gullett’s incompetency was filed, the trial court appointed an independent
expert at counsel’s urging to evaluate Gullett, and he was found by that expert
to be competent to stand trial. 
Thereafter, counsel sought and obtained the appointment of a forensic
psychology expert in order to assist in preparation of Gullett’s defense.  Only after these steps were taken and after
the trial court’s proper written plea admonishments was the plea of guilty
entered.  Further, the finding of
competency, Gullett’s initial plea of not guilty, and his own statements
indicated “an understanding of the charges against him and that he had a right
to not plead guilty to them.” 

            Next,
although he had initially pled “not guilty” to all counts alleged in the
indictment, Gullett’s brief suggests that “[i]t appears from the record that
Appellant did not understand that he had a right to not plead guilty to counts
in the indictment that he did not commit.”  This statement arises from Gullett’s testimony
during the punishment phase that “I didn’t do everything on [the indictment];
but I mean, I -- I will admit to everything I did.”  Gullett testified that he did not believe
that he vaginally penetrated his victim as alleged in the indictment.  He, however, immediately followed this
statement by saying, “I said that I stuck my -- my thumb in her.  I didn’t remember saying I stuck my penis in
her.  I did say I stuck the head of it on
her and rubbed her with it and then I tried to, but it wouldn’t go in.”  The statements made by Gullett during
punishment upon which the brief relies do not establish that counsel failed to
advise Gullett of his right to plead guilty to counts in the indictment that he
did not commit.  During the plea hearing,
the trial court read each count separately and Gullett stated that he was
pleading guilty to each count because he was guilty.  Nevertheless, Gullett argues that the trial
court did not go over the manner and means by which the crimes were committed,
and maintains that it was counsel’s responsibility and duty to do so in order
to provide effective assistance.  The
brief does not allege, however, that counsel failed to do so, and the record
before us would not support the allegation if it were made. 

            Next,
Gullett claims that he “demonstrated that he did not understand that he has a
right to confront his accusers.”  Gullett’s
brief does not state that counsel failed to inform him of the right to confront
his accusers and the record does not support that omission.  Gullett points to testimony during the
punishment phase where, although he believed his victim was molested from age
eleven to fifteen, he did not challenge her statements that she was molested by
him from the time she was eight years old. 
Gullett also refers to his testimony wherein he declined to argue with
the victim’s testimony and witness reports, despite claims that they may have
been mistaken.  Gullett’s acquiescence to
the testimony of others would not support the contention that counsel failed to
inform him of the right to confront his accusers had that allegation been made.


            To
reiterate, with respect to ineffective assistance of counsel claims above,
Gullet does not allege that counsel, in fact, committed certain acts or
omissions.  Rather, the brief attempts to
challenge the court’s finding, after psychological evaluation, that Gullett was
competent to stand trial by making claims that Gullett did not understand
certain rights and admonishments.  These
alleged claims of ineffective assistance of counsel are overruled. 

                        2.         Motion for New Trial 

            Gullett
complains that counsel was ineffective for failing to file a motion for new
trial.  Without citation to authority, he
argues:

Had Appellant been able to file a motion for a new
trial, Appellant would have been able to urge grounds that entitled him to a
new trial, specifically that he would not have plead [sic] guilty to the
offenses he did not commit, and would have confronted the witnesses against
him, and that but for trial counsel’s erroneous advice or lack of advice, and
he would have insisted on going to trial. 
Without a motion for new trial, Appellant’s right to appeal any
ineffective assistance claims has been injured because the record on appeal
does not adequately reflect the failings of trial counsel, nor that Appellant
would have insisted on a trial had he been adequately advised of the law in
relation to the facts of his case.  

 

            The
Texas Court of Criminal Appeals has stated that where “there is nothing in the
record to suggest that appellant was not counseled by his attorney regarding
the merits of a motion for new trial,” we apply the “rebuttable presumption is
that it was considered by the appellant and rejected.”  Smith
v. State, 17 S.W.3d 660, 663 (Tex. Crim. App. 2000); Oldham v. State, 977 S.W.2d 354, 363 (Tex. Crim. App. 1998).  Here, because nothing in the record supports
a claim that Gullett was not advised by counsel of his right to file a motion
for new trial, we “hold that appellant has failed to overcome the presumption
that he was adequately represented by counsel during the time for filing a
motion for new trial.”  Smith, 17 S.W.3d 660; see Castillo v. State, 186 S.W.3d 21, 31
(Tex. App.––Corpus Christi 2005, pet. ref’d) (citing Hudson v. State, 128 S.W.3d 367, 381 (Tex. App.––Texarkana 2004,
no pet.) (“There is no evidence in the record that Hudson was interested in the
option of filing a motion for new trial and that counsel did not adequately
assist him in doing so.  Therefore,
nothing in the record exists to rebut the presumption that Hudson was
adequately informed of his right to file a motion for new trial and that he
ultimately rejected the option.”) (citation omitted)). 

            We
overrule Gullett’s last point of error.  

III.       CONCLUSION


            We
affirm the trial court’s judgment. 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          March 4, 2011

Date Decided:             March 7, 2011

 

Do Not Publish

 











[1]Strickland v. Washington, 466 U.S. 668,
687 (1984).