May 11, 2015

**Mr. Abel Acosta, Clerk**
Court of Criminal Appeals
P.O. Box 12308
Austin, Texas 78711-2308


Re:  *Ex parte Jonathan Mims*, Case No. 10-08-09096-CR
     WR-77, 257-02

Dear Clerk:

Enclosed please find a copy of Applicant Mim's Reply to State's Answer with Brief in Support, to be filed among the papers in the above-styled and numbered cause.

Applicant was given an opportunity to prepare and file this with the district court prior today because the trial court ordered the clerk of the court to transmit the writ application before he had even received a copy of same.

Thank you for your kind attention to this matter.

Sincerely,

Jonathan Mims, Applicant Pro se
3065 Walnut Bend Lane, #33
Houston, Texas 77042

Enclosure

Cc:  Montgomery County District Clerk

     Montgomery County District Attorney (Respondent)

     File

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 20 2015

Abel Acosta, Clerk

## NO. 10-08-09096-CR

| | | |
|---|---|---|
| EX PARTE | § | IN THE DISTRICT COURT |
| JONATHAN AUSTIN MIMS | § | 435TH JUDICIAL DISTRICT COURT |
| APPLICANT, PRO SE | § | MONTGOMERY COUNTY, TEXAS |

## APPLICANT MIM'S REPLY BRIEF TO
## STATE'S ANSWER WITH BRIEF IN SUPPORT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Jonathan A. Mims, Applicant, proceeding in pro se on his own behalf in the above-styled and numbered cause, files this, his Brief in Memorandum in Support of his Application for Writ of Habeas Corpus, in support thereof, Applicant would show the Court as follows:

## I.

### Procedural History[1]

Applicant was charged by a two-paragraph indictment [2] with the felony offense of sexual assault of a child. The Applicant, on advice of trial counsel, Rick Brass, entered into a plea bargain with the State in which he would receive five (5) years in the Texas Department of Criminal Justice, Correctional Institutional Division ("TDCJ-CID") in lieu of his plea of guilty to the instant charge. Applicant waived his right to direct review as part of his bargain with the State. However, Applicant actually pled "nolo-contendre," instead, which Applicant was under the misimpression such a plea was not an admission of guilt. Applicant file his original

---

[1] Applicant would advise the Court that while he has previously filed an application seeking habeas corpus relief, the same was "dismissed" by the Court of Criminal Appeals as being non-compliant in *Ex parte Jonathan Austin Mims*, WR-77,257-01.

[2] *See* Exhibit A, Indictment, attached hereto and made a part hereof.

1

application, which was dismissed as being "non-compliant," by the Court of Criminal Appeals (CCA), so this is his second, but not subsequent application as the first was "dismissed" versus "denied" and therefore, the art. 11.07, § 4 (a)-(c), V.A.C.C.P., should not be applicable to the case at bar.

## II.

### Applicant's Allegations

1. Applicant complains that his guilty plea was entered unknowingly, unintelligently and therefore, involuntarily based upon the erroneous advice of trial counsel Rick Brass;

2. Applicant asserts that he was denied the effective assistance of trial counsel Rick Brass in violation of the Sixth Amendment.

*Id. State Writ Appl.* at 6-7.

## III.

## APPLICANT'S REPLY TO STATE'S ANSWER WITH BRIEF IN SUPPORT

*Preliminary Statement*

In its answer, the State avers that Applicant's application seeking habeas corpus relief should be denied. *Answer* at 2.[3] Since Applicant's first writ application was "dismissed" by the CCA, it is of no moment what was presented in that unadjudicated post-conviction application as the State references and suggests in its answer. *Id.*[4] Applicant is fully aware that the burden of proof rests on his shoulders, not the State and submits he has met this requirement heretofore in his original pleadings.

---

[3] For purposes of these proceedings, Applicant will refer to the ten page document entitled: "State's Answer to Second Application for Post-Conviction Writ of Habeas Corpus as "Answer," followed by the page referenced.
[4] *See generally Ex parte Torres*, 943 S.W.2d 469, 474 (Tex. Crim. App. 1997).

2

## IV.

## Argument and Authorities

I.     In his first ground, Applicant submitted his guilty plea was not entered voluntarily, based upon the erroneous advice of trial counsel, that being, that if he pled nolo-contendre he would not be pleading "guilty" and as such, would not be required to register as a sex offender upon his future release. Counsel did not properly explain what the term *nolo-contendre* meant in legal terms and misled him to believe he was not, in actuality, pleading guilty to the instant offense.

*Reply to State's Response to Ground One*

In its answer, the State's answer in response to the first ground presented by Applicant, it relies upon an affidavit that was submitted by trial counsel, Rick Brass, in response to Applicant's first writ application which was "dismissed" by the Court of Criminal Appeals as being non-compliant on March 07, 2012; *see Ex parte Jonathan Mims*, Writ No. WR-77,257-01.[5] Which Applicant avers is stale and does not respond to the issues presented in the instant application sufficiently. Applicant respectfully requests that this Honorable Court remand this case back to the trial court with instructions to obtain a new affidavit from trial counsel that addresses the allegations of ineffective assistance of counsel contained herein. Moreover, just because counsel provides self-serving averments within his original affidavit responding to the allegations of ineffective assistance of counsel presented in the original application, that does not vest him with certain credibility, which the trial court has extended to based solely on the fact he is an officer of the court and nothing more. Applicant asserts he "never made it clear to Mr. Brass that he did not wish to risk going to trial." *Id. Answer* at 4. Applicant had always

---

[5] *See* Exhibit A, Electronic docket sheet of the Court of Criminal Appeals.

maintained his innocence to counsel and only accepted the State's plea bargain offer based upon counsel's erroneous advice as alleged in his first ground for habeas corpus relief.

*Burden of Proof in a Post-Conviction Habeas Corpus Proceeding*

"In a post-conviction collateral attack, the burden is on the Applicant to allege and prove facts which, if true, would entitle him to relief." *See Ex parte Maldanado*, 688 SW2nd 116 (Tex. Crim. App. 1985). An Applicant has the burden of proving his grounds for relief by a preponderance of the evidence. *See Ex parte Adams*, 768 SW2d 281, 287-88 (Tex. Crim. App. 1989). "[S]worn allegations are not alone sufficient proof." *Ex parte Empey*, 757 SW2d 771, 775 (Tex. Crim. App. 1988).

A guilty plea is involuntary when it's entered by a defendant because of threats made against him, or perhaps someone else he knows; or because he was motivated or "induced" to enter it by improper promises made to him. Some examples of when threats and promises may make a guilty plea involuntary include situations when:

- A defendant's attorney threatens withdraw as counsel and a family member threatens to withdraw bail if he doesn't plead guilty;

- The prosecution knows that it doesn't have probable cause to believe that a defendant actually committed a crime but threatens to prosecute him unless he pleads guilty;

- The prosecution threatens to prosecute a member of the defendant's family, even though it doesn't have probable cause to believe that the family member committed a crime, unless the defendant pleads guilty;

4

- The prosecution promises the defendant that he'll get a certain sentence or punishment if he pleads guilty but the prosecution knows or has a good reason to believe that the judge won't give the defendant the promised sentence.

## Standard of Review

Counsel's advice can provide assistance so ineffective that it renders a guilty plea involuntary. *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (quoting *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); "voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.' "). A guilty plea is not knowing or voluntary if made as a result of ineffective assistance of counsel. *Ex parte Burns*, 601 S.W.2d 370, 372 (Tex.Crim.App.1980). A defendant's decision to plead guilty when based upon erroneous advice of counsel is not done voluntarily and knowingly. *Ex parte Battle*, 817 S.W.2d 81, 83 (Tex.Crim.App.1991).*See also Ex parte Harrington*, 310 S.W.3d 452, 459 (Tex.Crim.App.2010) ("When counsel's representation falls below this [*Strickland* ] standard, it renders any resulting guilty plea involuntary.").

Applicant contentions remain the same, that his trial counsel so grossly misadvised him concerning the meaning of him entering a nolo-contendere plea that it rendered Applicant's guilty plea involuntarily entered and but for such inadequate advice, Applicant would not have accepted the plea offer made by the State, but would have insisted on proceeding to trial otherwise. Additionally, contrary to trial counsel's stale aversions contained in his original affidavit, Applicant never contended he was unaware he would have to serve prison time as part of the plea bargain, but counsel misled Applicant by telling him by entering a "nolo-contendre" plea he would avoid a conviction on his record. Applicant avers this made his plea

5

unintelligently and therefore, involuntarily entered.[6] Applicant has demonstrated by clear and convincing evidence that the instant ground has merit and should therefore be sustained.

## II.     Ground Two Ineffective Assistance of Trial Counsel

In his second ground for relief, Applicant submits that he was denied the effective assistance of counsel guaranteed to all criminal defendants at trial. In the instant application seeking habeas corpus relief, Applicant alleges that his trial attorney was deficient by (1) failing to file requisite motions prior to Applicant entering his plea of nolo-contendre as part of a plea agreement with the state, which effected and impacted the voluntariness of his plea based on the erroneous advice of counsel who obviously had not attempted to advocate on behalf of the Applicant. *State Writ Appl.* at 7.

## Standard of Review

The right to effective assistance of counsel is guaranteed by the Sixth Amendment to the U.S. Constitution. *See, McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). This constitutional guarantee attaches to both retained and appointed counsel. *See Cuyler v. Sullivan*, 446 U.S. 335, 344-45 (1980).

In 1984 the U.S. Supreme Court established a two-prong test to be used by the lower courts in evaluating ineffective assistance claims: a criminal defendant must prove that counsel's performance was "deficient" because it fell below an objective standard of reasonableness; and that this deficient performance so prejudiced the defendant that the resulting conviction or death sentence is unreliable or fundamentally unfair. *See, Strickland v. Washington*, 466 U.S. 668, 687

---

[6] In the State's Answer, state counsel mixes ineffective assistance of counsel claims made in ground two of the application with his claims made in ground one regarding his plea being entered involuntarily based upon counsel's misrepresentations. Applicant will address the issues as originally presented for purposes of clarity and continuity ion these proceedings.

(1984). Deficient performance is not enough to warrant reversal under *Strickland*. A defendant must demonstrate that the deficient performance prejudiced his/her defense. Inherent in the prejudice component is a prerequisite showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694. *See also: Soffar v. Dretke, supra*, 368 F.3d at 478 ["reasonable probability need not be proof by a preponderance that the result would have been different"].

The Fifth Circuit Court of Appeals recently handed down an ineffective assistance of counsel ruling involving an attorney's failure to investigate, interview and subpoena a witness. *See Harrison v. Quarterman*, ___ F.3d ____ 2007 WL 2306918, C.A. It is beyond cavil that "an attorney must engage in a reasonable amount of pretrial investigation and [,] at a minimum, interview potential witnesses and make an independent investigation of the facts and circumstances in the case." *Bryant v. Scott*, 28 F.3d 1411, 1415 (5th Cir. 1994) (internal quotation marks and alterations omitted). In Bryant, this court held that trial counsels "failure to interview eyewitnesses to the crime was constitutionally deficient representation." *Id.*, at 1418. The record in this case is devoid of any motions defense counsel filed and obtained a ruling on.

(2) Counsel was ineffective for failing to explain the meaning of the word "nolo-contendre," and the legal ramifications of entering such a plea. In fact, counsel misled Applicant into believing that he was not pleading "guilty" but was accepting the five year punishment in prison in lieu of having to register as a sex offender thereafter. To prevail on a claim of ineffective assistance of counsel, the defendant must show that trial counsel's

7

performance was deficient and that a reasonable probability exists that the result of the proceeding would have been different but for the deficiency.[7] The first prong of the *Strickland* test requires that the appellant show that counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). It cannot be said that counsel in this case was not deficient for failing to provide Applicant with an accurate definition of what the term nolo-contendere meant and that it would not, contrary to counsel's previous assertions to Applicant prior to his plea) constitute reasonable effective assistance of counsel and more than a mere probability exists that had he correctly enlightened Applicant of what the true definition and reality of entering such a plea would be, the proceedings would have been different, because Applicant would have not accepted the State's offer and would have insisted on proceeding to trial.

(3)     It should be noted by the Court of Criminal Appeals his trial attorney, in his stale affidavit asserted that while there was "scientific evidence in the State's file [which] consisted of some DNA testing," *Id. Answer* at 9, that it was "insignificant" and would not be a factor in making a decision to try the case or not. *Ibid.* However, Applicant contends he was never told by counsel before his plea was entered that there had been any DNA testing by the State and as the State's Answer does not specify what DNA testing was completed or the results, this supports Applicant's contentions his plea was unknowing, unintelligently and involuntarily entered. The State attempts to cloak counsel's ineffectiveness in this regard by stating, in relevant part within its answer, "[T]herefore, it appears that Brass made a strategic decision not to rely upon the DNA evidence in advising Applicant whether to proceed to trial..." *Id.* At 9. Applicant has complained trial counsel was ineffective for failing to have DNA testing conducted on the biological material

---

[7] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

obtained during the CW's SANE examination. Although Applicant voluntarily provided a sample of his DNA and there was a presumptive detection of semen in the rape kit. No DNA testing was done according to the record before this Court. Counsel was deficient for failing to conduct a thorough and proper investigation of the facts and witnesses in this case. The right to counsel is a key constitutional protection for criminal defendants that are provided via the Sixth Amendment. The United States Supreme Court has determined that this fundamental right includes the right to effective assistance of counsel. More specifically, the Sixth Amendment affords the accused the right to counsel, while the Fourteenth Amendment ensures the right to due process, and the Supreme Court has determined that due process includes the right to effective counsel. Ineffective assistance of counsel (IAC) claims have been reviewed by the Supreme Court in numerous cases since the court first held that the Sixth Amendment right to counsel applied to the states in *Powell v. Alabama* (1932). The high court has struggled to develop a clear explanation of what it means for counsel to be "effective" in their roles as legal advocates. The range of incompetency for defense counsel ranges from those whose failure to perform adequately results in harmless error to those whose incompetency demonstrates a blatant disregard of a defendant's interests, and therefore affects the defendant's ability to obtain a fair trial. It cannot be found that Applicant received effective assistance from his trial attorney through his neglect to ensure the available material for DNA testing, did in fact get tested, prejudicing the defense.

(4)     Applicant submits trial counsel was ineffective for failing to interview a favorable witness for the defense, Kendryan Lee, who was both willing and available to testify on Applicant's behalf. However, counsel coerced Applicant into accepting the defense not calling this witness in to be interviewed, "because it would piss off the DA and the plea offer would be

9

withdrawn. Texas courts adhere, as we must, to the United States Supreme Court's two-pronged *Strickland* test to determine whether counsel's representation was inadequate so as to violate a defendant's Sixth Amendment right to counsel. *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex Crim. App. 1986).

## CONCLUSION

Accordingly, Applicant would respectfully request that this Honorable Court sustain these grounds as presented for habeas relief or in the alternative, remand this case back to the trial court with instructions to obtain a fresh affidavit from trial counsel responding to these allegations and the manner in which they were couched.

**SIGNED** on this the 11th day of May 2015.

Respectfully submitted,

Jonathan A. Williams, Applicant, **Pro se**
3065 Walnut Bend Lane, #33
Houston, Texas 77042

# CERTIFICATE OF SERVICE

I, Jonathan A. Mims, Applicant, pro se, herein certify that a true and correct copy of this instrument was sent to the Respondent, by placing same, in a U.S. mail box, first-class postage paid, addressed to:

**Mr. Brent W. Ligon**
Montgomery County District Attorney
207 W. Phillips, Second Floor
Conroe, Texas 77301

SIGNED on this the 11th day of May 2015.

Jonathan A. Mims, Applicant, Pro se

11

**EXHIBIT**

**A**

# CASE:

# WR-77,257-01

DATE FILED:

02/27/2012

CASE TYPE:

11.07 HC

STYLE:

MIMS, JONATHAN AUSTIN

V.:

## APPELLATE BRIEFS

| DATE | EVENT TYPE | DESCRIPTION | DOCUMENT |
|------|-----------|-------------|----------|
| **NO BRIEFS.** | | | |

## CASE EVENTS

| DATE | EVENT TYPE | DESCRIPTION | DISPOSITION | DOCUMENT |
|------|-----------|-------------|-------------|----------|
| 03/07/2012 | ACTION TAKEN | APPLICATION FOR WRIT OF HABEAS CORPUS - 11.07 | DISMISSED -- NON-COMPLIANCE | |
| 02/27/2012 | WRIT RECEIVED | APPLICATION FOR WRIT OF HABEAS CORPUS - 11.07 | | |

## CALENDARS

| SET DATE | CALENDAR TYPE | REASON SET |
|----------|--------------|------------|
| 03/07/2012 | STORED | WRIT STORED |

## PARTIES

| PARTY | PARTYTYPE | REPRESENTATIVE |
|-------|-----------|----------------|
| MIMS, JONATHAN AUSTIN | APPLICANT (WRITS)/APPELLANT'S (CASES) | |

# COURT OF APPEALS INFORMATION:

COA CASE NUMBER

COA DISPOSITION:

OPINION CITE:

COURT OF APPEALS DISTRICT:

# TRIAL COURT INFORMATION

COURT:

435TH DISTRICT COURT

COUNTY:

MONTGOMERY

COURT JUDGE:

COURT CASE:

10-08-09096-CR(1)

COURT REPORTER: