

# NUMBER 13-25-00078-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

TONY DWAYNE CLAYTON,                                        Appellant,

v.

THE STATE OF TEXAS,                                        Appellee.

## ON APPEAL FROM THE 90TH DISTRICT COURT
## OF YOUNG COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Cron and Fonseca**
**Memorandum Opinion by Justice Cron**

Forgery is an offense that can range anywhere from a Class C misdemeanor to a

first-degree felony, depending on the existence or absence of certain facts.[1] *See* TEX.

---

[1] The Texas Legislature recently amended § 32.21 to increase the penalties for forgery. *See* Act of May 23, 2025, 89th Leg. Ch. 824, § 1, sec. 32.21 (codified at TEX. PENAL CODE ANN. § 32.21). Under the

PENAL CODE ANN. § 32.21(d), (e-1). Both appellant Tony Dwayne Clayton and the State ask the Court to set aside his conviction and two-year sentence for the state jail felony offense of check forgery. *See id.* § 32.21(d). The parties agree that, based on the facts alleged in the indictment, the highest-level offense Clayton could have been convicted of was a Class A misdemeanor, *see id.* § 32.21(e-1)(3), which carries a maximum penalty of one year confinement, *see id.* § 12.21(2). We set aside the judgment of conviction and remand for further proceedings.[2]

## I.    BACKGROUND

The State alleged by indictment that, "on or about January 11, 2021," Clayton forged a check in the amount of $1,590. The indictment included an image of the check showing that it was made payable to Clayton. It also indicated that Clayton was being charged with a "State Jail Felony" under "Penal Code § 32.21(d)."

The State and Clayton entered into a plea agreement: in exchange for Clayton pleading guilty to the offense as charged in the indictment, the State agreed to recommend deferred adjudication community supervision for a period of three years. Prior to accepting Clayton's guilty plea, the trial court admonished Clayton, both in writing and

---

Ex Post Facto Clauses of the United States and Texas Constitutions, a defendant is entitled to be prosecuted under the version of a statute that existed at the time of the alleged offense. *See* U.S. CONST. art. 1, §§ 9, 10; TEX. CONST. art. 1, § 16; *Dorsey v. United States*, 567 U.S. 260, 275 (2012); *Ex parte Moussazadeh*, 361 S.W.3d 684, 690 n.3 (Tex. Crim. App. 2012). Accordingly, we will apply the version of the statute that existed at the time of the alleged offense and will cite to that version throughout this memorandum opinion. *See* Act of May 26, 2017, 85th Leg., R.S., ch. 977, § 25, sec. 32.21, 2017 Tex. Gen. Laws 3966, 3977 (codified at TEX. PENAL CODE ANN. § 32.21).

[2] This appeal was transferred to us from the Second Court of Appeals in Fort Worth pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. §§ 22.220(a) (delineating the jurisdiction of appellate courts), 73.001 (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer). We are bound by the precedent of the transferring court to the extent that it conflicts with our own. *See* TEX. R. APP. P. 41.3.

in open court, that he had been charged with "a state jail felony," which carries a punishment "of not less than six months nor more than two years in the State Jail Division of the Texas Department of Criminal Justice." After Clayton acknowledged these admonishments and pleaded guilty to the offense, the trial court accepted the State's sentencing recommendation, granted Clayton deferred adjudication community supervision for a period of three years, and ordered him to pay restitution in the amount of $1,590 as a condition of his supervision.

The State subsequently filed a motion to adjudicate guilt alleging that Clayton violated certain terms of his supervision. Clayton pleaded "true" to each of the State's allegations, which included failure to report, failure to pay restitution, and failure to abstain from illegal drugs. On January 28, 2025, the trial court revoked Clayton's supervision, adjudicated him guilty of the underlying offense, and sentenced him to confinement in a state jail facility for a period of two years. *See id.* § 12.35(a) (providing punishment range for state jail felony). Clayton also received sixty-nine days' credit on his sentence for the time he spent in pretrial detention. *See* TEX. CODE CRIM. PROC. ANN. art. 42.03, § 2(a)(1) (requiring the trial court to grant "credit on the defendant's sentence for the time that the defendant has spent" in pretrial detention).

Clayton's original appellate counsel filed an *Anders* brief and motion to withdraw stating that his review of the record failed to reveal any non-frivolous issues to advance on appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). In conducting our independent review of the record, *see Penson v. Ohio*, 488 U.S. 75, 80 (1988), we discovered at least one arguable appellate ground: "Based on the facts alleged in the

3

indictment, it appears that Clayton may have committed a Class A misdemeanor, rather than a state jail felony."

Consequently, we granted counsel's motion to withdraw, abated the appeal, and remanded the case to the trial court for the appointment of new appellate counsel. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). After the appeal was reinstated, the parties submitted briefs to the Court agreeing that Clayton's judgment of conviction should be set aside as void and the case remanded for further proceedings.

## II.     ANALYSIS

"A person commits an offense if he forges a writing with intent to defraud or harm another." TEX. PENAL CODE ANN. § 32.21(b). When the forged writing is a check, the offense is a state jail felony unless "the actor engaged in the conduct to obtain or attempt to obtain a property or service," in which case the level of offense is determined by a value ladder that ranges from a Class C misdemeanor to a first-degree felony based on the value of the property. *Id.* § 32.21(d), (e-1); *State v. Green*, 682 S.W.3d 253, 258 (Tex. Crim. App. 2024) ("We agree that the '[s]ubject to Subsection (e-1)' language in subsections (d) and (e) means that those provisions are subordinate to subsection (e-1) whenever the facts necessary to trigger (e-1) are present. We further agree that (e-1) constitutes an element of the offense rather than a punishment-phase issue."). If a defendant is charged under subsection (d), as occurred here, but subsection (e-1) applies, then the "defendant is entitled to be *convicted* and *punished* under the provisions in the value ladder, if doing so would result in a reduced offense classification and range of punishment." *Green*, 682 S.W.3d at 258.

4

As noted, the State indicted Clayton under subsection (d), alleging that he forged a check in the amount of $1,590. The image included in the indictment shows that the check was made out to "Tony D. Clayton." As a condition of his deferred adjudication community supervision, Clayton was ordered to pay $1,590 in restitution, which indicates that Clayton obtained $1,590 from his forgery. After *Green*, one of our sister courts determined under similar facts in an unpublished opinion that subsection (e-1) controlled, and therefore, the appellant was improperly convicted and punished under subsection (d). *Lennox v. State*, No. 06-19-00164-CR, 2025 WL 793896, at *5 (Tex. App.—Texarkana Mar. 13, 2025, pet. granted) (mem. op. on remand, not designated for publication) (concluding that a forged check, made payable to the defendant, was "conduct to obtain . . . property" under subsection (e-1) because the defendant "received property in the form of money").

Based on the face of the indictment, the parties agree that Clayton should have been charged with a Class A misdemeanor because the forged instrument was a check, Clayton engaged in the conduct to obtain property, and the value of the property was "$750 or more but less than $2,500." *See* TEX. PENAL CODE ANN. § 32.21(d), (e-1)(3); *Green*, 682 S.W.3d at 279 ("[I]f the State has information in its possession indicating that a defendant committed forgery to obtain property or services, it would be the better practice for the State to charge the offense under subsection (e-1)."). The maximum punishment for a Class A misdemeanor is "confinement in jail for a term not to exceed one year." TEX. PENAL CODE ANN. § 12.21(2). Clayton, on the other hand, was convicted of a state jail felony and sentenced to two years' confinement in a state jail facility. *See*

5

*id.* § 12.35(a). Based on the foregoing, the parties also agree that Clayton's sentence is "illegal." *See Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003) ("A sentence which is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal." (collecting cases)).

As for the proper disposition of this appeal, Clayton asks that we "vacate" his judgment of conviction based on the illegal sentence, rather than modifying the judgment and remanding for the proper assessment of punishment. The State agrees that the judgment of conviction should be set aside and asks that we remand "to the trial court for retrial."

Although Clayton pleaded guilty to the facts as alleged in the indictment, we noted in our Order of Abatement that this case raises questions about whether his plea was made knowingly and voluntarily.[3] "[B]ecause a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." *Ex parte Mable*, 443 S.W.3d 129, 131 (Tex. Crim. App. 2014) (quoting *McCarthy v. United States*, 394 U.S. 459, 466 (1969)).

Here, the record reflects that the plea bargain that precipitated Clayton's guilty plea was based on a mutual mistake as to the level of offense and possible punishment range. *See Ex parte Mable*, 443 S.W.3d at 131. It further reflects that the trial court, based on

---

[3] We further noted in our Order of Abatement that when counsel advises his client to accept a plea agreement based on a misunderstanding of the law (i.e., a claim of ineffective assistance), it can also render the plea involuntary. *Ex parte Moussazadeh*, 361 S.W.3d 684, 689 (Tex. Crim. App. 2012). ("A defendant's decision to plead guilty when based upon erroneous advice of counsel is not done voluntarily and knowingly." (citing *Ex parte Battle*, 817 S.W.2d 81, 83 (Tex. Crim. App. 1991))). However, Clayton has not raised an ineffective assistance claim.

6

the same mistake, improperly admonished Clayton before accepting his plea. *See id.* Moreover, the State concedes that Clayton's due process rights were violated because he did not "receive notice of [the] potential consequences of a conviction." Under these circumstances, including the State's assent to the disposition, we agree that the judgment of conviction should be set aside, and the parties restored to their positions before they entered into the plea agreement. This necessarily means that the Order of Deferred Adjudication should also be set aside.[4] *See Galindo v. State*, 698 S.W.3d 111, 117 (Tex. App.—Eastland 2024, no pet.) (setting aside an order of deferred adjudication in a plea bargain case where the sentence was illegal).

### III.   CONCLUSION

We vacate the trial court's original Order of Deferred Adjudication as well as the trial court's subsequent Judgment Adjudicating Guilt, and we remand the cause to the trial court for further proceedings consistent with this opinion.[5]

JENNY CRON
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
30th day of October, 2025.

---

[4] Clayton claims that the Order of Deferred Adjudication was also illegal because he was placed on community supervision for a period of three years. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.103(b) ("In a misdemeanor case, the period of deferred adjudication community supervision may not exceed two years.").

[5] Having granted the relief requested by the parties, this Court will not entertain a motion for rehearing or reconsideration. Additionally, because Clayton has served nearly a full year of his sentence and time is of the essence, on our own motion, we direct the Clerk of this Court to immediately issue the mandate. *See* TEX. R. APP. P. 2, 18.1.