Gail Elizabeth **HELTON**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 09–94–089 CR through 09–94–094 CR.

Court of Appeals of Texas, Beaumont.

Submitted June 21, 1995.

Decided Nov. 1, 1995.

Rehearing Overruled Nov. 14, 1995.

Joseph Salhab, Cornelius & Salhab, Houston, for appellant.

John B. Holmes, District Attorney, Houston, for state.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

WALKER, Chief Justice.

This is a consolidated appeal from six felony convictions for Aggravated Sexual Assault [three separate offenses], Possession of Child Pornography [one offense], and Sexual Performance by a Child [two separate offenses]. The record before us reflects that on August 31, 1993, appellant waived a jury and entered a plea of "no contest" to each of the six separate offenses set out above.[1] Appellant's plea was without benefit of a negotiated plea bargain agreement. The trial court then ordered a pre-sentence investigation prepared and reset the proceeding.

On November 22, 1993, the plea proceeding reconvened, and pursuant to the presentence investigation, the trial court assessed appellant's punishment at ninety-nine (99) years' confinement in the Institutional Division of the Texas Department of Criminal Justice on each of the three Aggravated Sexual Assault offenses, and ten (10) years' confinement in the Institutional Division of the Texas Department of Criminal Justice on each of the remaining three offenses.

Thereafter, on December 14, 1993, appellant's trial counsel filed a timely Motion for New Trial. Appellant's trial counsel then withdrew from the case and current appellate counsel was substituted on January 13, 1994. On the same day, appellate counsel filed an Amended Motion for New Trial in each cause alleging appellant's plea was involuntary as the result of ineffective assistance of trial counsel. An evidentiary hearing was held on said amended motion on January 27, 1994, with the trial court denying said motion at the conclusion of the testimony. Appellant's single complaint on appeal states: "The court erred by failing to find appellant's pleas the result of ineffective assistance of counsel and thus involuntary."

At the motion for new trial hearing, appellant's brother and sister, as well as appellant's trial counsel, testified. The trial court

We granted said motion and permitted said volume to be included in the record before us on appeal. We received no objection or response of any kind from the State.

admitted a written statement by appellant into evidence apparently over objection by the State.[2] The essence of the testimony from appellant's brother and sister was that they both were privy to discussions of trial strategy between appellant and appellant's trial attorney, and that at certain times during said discussions, appellant's trial attorney indicated to appellant that if she (appellant) pleaded "no contest," that he (trial counsel) would ask the judge for "probation or shock probation," and that she (appellant) would "probably receive probation or shock probation." The pertinent portion of appellant's written statement provides the following:

> Based upon the advice of my attorney, [trial counsel], I entered these pleas believing the Court could grant probation or "shock" probation. My decision to entered (sic) a plea of no contest and be sentenced pursuant to the Pre–Sentence Investigation was the direct result of the advice of my attorney, [trial counsel]. At no time did Mr. [trial counsel] ever explain deferred adjudication.

> Had I known at the time I entered my pleas that probation and "shock" probation are prohibited by statute for the offense of Aggravated Sexual Assault with a Child, I would have pled not guilty to all charges and proceeded to trial.

The testimony of trial counsel, while less than definitive, nevertheless reveals that he did possibly discuss with appellant and her brother and sister the fact that either probation or shock probation was a possibility. Trial counsel admitted the discussion of the possibility of shock probation could have taken place while he was actually thinking of the possibility of jail time as a condition of deferred adjudication. The following is representative of the direct examination of appellant's trial counsel:

> Q. [Appellate counsel] You stated you wouldn't have told her family anything different than you would have told your client?

A. [Trial counsel] I don't believe so.

Q. I would assume by this that this would be an indication of the advice you gave to your client; is that correct?

A. That's correct.

Q. And that would be that shock probation is a possibility for these indictments?

A. For some of them.

Q. Well, did you distinguish them in this conversation?

> [comment by trial court and counsel's response omitted]

Q. In this conversation you didn't make any distinctions between the various offenses with regard to those questions; did you?

A. I did not.

Q. Do you know whether you did in conversations with Gail regarding that?

A. I cannot recall exactly that conversation. We had a number of things we were discussing. The entire issue of probation—I think I was probably thinking of a deferred with some jail time as a condition of that deferred. She took that as a shock probation type thing. The probation and the deferred were used interchangeable (sic) in my conversation with Mrs. Helton.

■ It is undisputed that TEX.CODE CRIM. ANN. art. 42.12, sec. 3g(a)(1)(C) (Vernon Supp.1993), excludes anyone convicted of Aggravated Sexual Assault from eligibility for court ordered probation. The State's only response, other than its "[in]complete appellate record" argument which became moot with our granting appellant's February 16, 1995, motion to supplement the record, is that trial counsel's probation advice was not in error in that appellant was still eligible for "probation" in the form of deferred adjudication. This may be so, but in light of trial counsel's admitted possible confusion with the distinctions between shock probation and jail time as a condition of deferred adjudication, we are unable to conclude that trial

---

**2.** We use the word "apparently" because the record reflects that the trial court neither explicitly sustained nor overruled the State's objection to the written statement. TEX.R.APP.P. 52(a) requires an objecting party to obtain a ruling on its objection in order to preserve any complaint for appellate review. As the State made no further objection nor requested any clarification from the trial court we will consider the appellant's written statement as part of the record on appeal.

counsel properly differentiated between the two forms of temporary incarceration, one of which appellant was not eligible for, so as to render appellant's plea voluntary. *See Ex parte Williams,* 704 S.W.2d 773, 777, n. 7 (Tex.Crim.App.1986); *Harrison v. State,* 688 S.W.2d 497, 499 (Tex.Crim.App.1985).

■ We review the trial court's decision to deny granting appellant a new trial on an abuse of discretion standard, and will reverse the trial court only when its decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree. *State v. Gent,* 887 S.W.2d 271, 273 (Tex.App.—Beaumont 1994, pet. ref'd). The constitutional validity of a guilty plea made upon the advice of counsel depends on whether counsel's performance was reasonably competent, rendering a defendant effective representation during the particular proceedings. *Ex parte Battle,* 817 S.W.2d 81, 83 (Tex.Crim.App.1991). A defendant's election to plead guilty or nolo contendere when based upon erroneous advice of counsel is not done voluntarily and knowingly. *Id.* The test for ineffective assistance of counsel during the plea bargaining process is to show that counsel's representation fell below an objective standard of reasonableness, and that this deficient performance prejudiced the defense. *Id.* at 84.

In the instant case, the record reflects that appellant pleaded no contest to not one offense but six felony offenses consolidated into one plea proceeding while fully believing she was eligible to receive and probably would receive court ordered probation or shock probation, and that she was led to believe this by her trial counsel. The record also reflects that her trial counsel's memory of his discussions with appellant regarding probation and shock probation is confused at best with apparent lapses as to whether or not he clearly and unequivocally advised her that she was not eligible for court ordered probation or shock probation for the Aggravated Sexual Assault charges.

We recognize the fact that as to the charges of Sexual Performance by a Child, and Possession of Child Pornography, appellant was indeed eligible for court ordered probation. Our examination of the record before us, however, supplies us with evidence of deficient performance on the part of trial counsel and ultimately prejudicial to appellant. In each of the six transcripts in the record before us, an identical instrument appears entitled, "Motion For Probation." Said instrument reflects a filing date of "AUG 31 1993," the date of the initial plea proceeding. Each of the six identical motions identify the felony offense for which probation is being requested as "Sexual Assault," with the words "Sexual Assault" having been written by hand on a blank line. Appellant was obviously not charged with "Sexual Assault" for which court ordered probation *was* available. Appellant was at least entitled to have trial counsel file applications for probation with the correct offenses listed for the trial court's consideration. This was obviously not done. We are convinced from the state of the record before us that the two-part test for ineffective assistance of counsel during the plea bargain process discussed in *Ex parte Battle, supra,* has been met. The testimony of trial counsel's recollections as to discussions with appellant regarding the full range of punishment for the crimes she was facing was not at all definitive, such as, "you are ineligible for probation." *See Ex parte Battle, supra* at 84. Under the above discussed case law, as applied to the exhibits and testimony before the trial court, we find that the trial court's decision to deny appellant's motion for new trial on all six charges was so clearly wrong as to lie outside that zone within which reasonable persons might disagree. Appellant's point of error is sustained. The judgments and sentences in all six causes of action are reversed, and the cases remanded to the trial court for new trials on all six indictments.

REVERSED AND REMANDED.