NUMBER 13-99-210-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


IN THE MATTER OF E. L. M., A JUVENILE.


____________________________________________________________________


On appeal from the 332nd District Court of Hidalgo County,

Texas.

____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Chavez, and Rodriguez


Opinion by Justice Hinojosa



 E.L.M., a juvenile, was charged with having committed the offense
of aggravated robbery. After he pleaded "true" to the charge, the trial
court found E.L.M. had engaged in delinquent conduct and held a
disposition hearing. After hearing evidence at the disposition hearing,
the trial court ordered that E.L.M. be committed to the Texas Youth
Commission for an indeterminate period, not to exceed his twenty-first
birthday. By one point of error, E.L.M. contends the trial court erred in
not granting him a new trial because it was clear his right to have a jury
trial was not knowingly and intelligently waived. We affirm.

A. Background and Procedural History


 The State charged E.L.M. with the offense of aggravated robbery. 
The robbery occurred on or about October 25, 1998 at Jimenez Grocery
Store. E.L.M. entered the store, took a gun from his pants, and told the
owner to give him the money in the store. E.L.M. was subsequently
arrested. 

 On March 5, 1999, E.L.M. pleaded "true" to the alleged crime. At
the conclusion of the disposition hearing, the trial court ordered E.L.M.
committed to the Texas Youth Commission. On March 10, 1999,
E.L.M. filed a Motion To Set Aside Judgment/Sentence And Motion For
Rehearing And/Or New Trial. The trial court heard the motion on March
11, 1999. At the hearing, E.L.M. argued he should get a new trial
because he did not waive his right to a jury trial knowingly and
intelligently. The trial court denied E.L.M.'s motion.

B. Motion For New Trial


 In a single issue, E.L.M. complains the trial court erred in denying
his motion for new trial. E.L.M. contends he did not knowingly and
intelligently waive his right to a trial by jury.

 Although juvenile proceedings are considered civil proceedings,
they are quasi-criminal in nature and are essentially criminal trials
involving criminal issues on appeal. In re J.R., 907 S.W.2d 107, 109
(Tex. App.--Austin 1995, no writ). Thus, we will consult criminal
statutes and cases, as well as the family code, to resolve the issue on
appeal.

 The granting or denying of a motion for new trial lies within the
sound discretion of the trial court. State v. Gonzalez, 865 S.W.2d 692,
696 (Tex. Crim. App. 1993). Appellate courts ordinarily will not reverse
such a decision unless the trial court has abused its discretion. An
abuse of discretion occurs when the trial court's decision is so clearly
wrong as to lie outside the zone within which reasonable persons
disagree. Cantu v. State, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992),
cert. denied, 509 U.S. 926 (1993); Helton v. State, 909 S.W.2d 298, 301
(Tex. App.--Beaumont 1995, pet. ref'd). At the hearing on the motion
for new trial, the trial court is the sole judge of the credibility of the
witnesses and the weight to be given their testimony. Lewis v. State,
911 S.W.2d 1, 7 (Tex. Crim. App. 1995). The trial judge may properly
consider the interest and bias of any witness and is not required to
accept as true, testimony of the accused or any defense witness simply
because it is uncontradicted. Reissig v. State, 929 S.W.2d 109, 113
(Tex. App.--Houston [14th Dist.] 1996, pet. ref'd); Messer v. State, 757
S.W.2d 820, 828 (Tex. App.--Houston [1st Dist.] 1988, pet. ref'd).

 Section 51.09 of the family code provides:

Unless a contrary intent clearly appears elsewhere in this
title, any right granted to a child by this title or by the
constitution or laws of this state or the United States may be
waived in proceedings under this title if:


 (1) the waiver is made by the child and the attorney
for the child;


 (2) the child and the attorney waiving the right are
informed of and understand the right and the
possible consequences of waiving it;


 (3) the waiver is voluntary; and


 (4) the waiver is made in writing or in court
proceedings that are recorded. 


Tex. Fam. Code Ann. § 51.09 (Vernon 1996).

 E.L.M. complains the requirements of section 51.09 were not
complied with when he entered his plea of "true" because his court-appointed counsel, Roy Garza, did not fully explain to him the full
effects of waiving his right to a jury trial. E.L.M. contends he did not
knowingly and intelligently waive his right to a jury trial.

1. Testimony at Adjudication Hearing


 The following are relevant statements made between the trial
court and E.L.M. during the adjudication hearing.

Court: Do you understand that if I find that those
allegations are true, there are certain things I can
do in your case?


E.L.M.: Yes, sir.


Court: I can place you on probation and send you home
to some relative or some other fit person, or to
some foster parents. I can place on you [sic]
probation and send you to a public or private
institution, or I can place you in the care, custody,
or control of the Texas Youth Commission, do you
understand that?


E.L.M.: Yes, sir.


* * * * *



Court: All right. And you talked to Mr. Garza about your
case?


E.L.M.: Yes, sir.


Court: Are you satisfied with his services and his advice?


E.L.M.: Yes, sir.


* * * * *



Court: You understand that you can have a trial if you
want to. You can make the State bring all of the
witnesses against you and prove these
allegations against you beyond a reasonable
doubt. Do you understand that?


E.L.M.: Yes, sir. Yes, sir.


Court: You also have the right to have a jury hear your
case, have twelve people come and listen to the
evidence and decide whether you did these
things or not. Do you understand that?


E.L.M.: Yes.


Court: These are three documents, one entitled Rights,
one entitled Stipulation of Evidence, and one
entitled Waiver of Trial by Jury.


E.L.M.: Yes, sir.


Court: Did you sign all three of these documents?


E.L.M.: Yes, sir.


Court: Did you understand what they were?


E.L.M.: Yes, sir.


Court: Did Mr. Garza explain them to you?


E.L.M.: Yes, sir.


Court: Okay. All right. When you signed the
"Stipulation of Evidence," did you understand
that you were making a confession or admitting
that you committed those offenses?


E.L.M.: Yes, sir.


* * * * *



Court: All right. How do you plea on this case, true or
not true?


E.L.M.: True.


Court: Do you understand that if you plead true and I
hear evidence to support the allegations against
you, I'll have no choice but to find that you
actually did these things? Do you understand
that?


E.L.M.: Yes, sir.


Court: Did anybody threaten you in any way?


E.L.M.: No, sir.


Court: Did anybody make you any type of promises?


E.L.M.: No, sir.


Court: Did anybody force you to plead true?


E.L.M.: No, sir.


Court: Are you pleading true freely and voluntarily
because the facts as you understand them make
you guilty?


E.L.M.: Yes, sir.


Court: All right. The Court finds that you have entered
your plea freely and voluntarily and accepts your
plea.


* * * * *



Court: All right. It's admitted. This is an agreed
recommendation?


Mr. Garza: No, Your Honor. I discussed the
recommendation with the family and I
would like to address the Court on another
--


Court: Go ahead.


Mr. Garza: Your Honor, the recommendation was TYC. 
We accept full responsibility for our actions. 
E.[L.M.], Your Honor, is in the position to
continue going to counseling and tutoring .
. . and we're asking one more chance from
this Court, Your Honor.


2. Testimony at Motion for New Trial


 At the hearing on the motion for new trial, E.L.M. testified that his
defense counsel at the adjudication hearing, Roy Garza, had not
discussed with him the ramifications of his plea. He testified: 

E.L.M.: I believe that I would have gotten probation, sir.


Counsel: Okay. Now, who told you that? Or did anybody
tell you that?


E.L.M.: My attorney told me that, sir.


Counsel: Okay. Now, do you know whether -- whether
your attorney Roy Garza discussed the plea
negotiations or the ramifications of the plea you
made with you -- any member of your family?


E.L.M.: No, sir.


* * * * *



Counsel: So when you pled true, did you know what you
were doing?


E.L.M.: No, sir.


* * * * *



Counsel: Now, this lawyer, either took you downstairs or
here in the presence in the courtroom before the
judge came out, he had a whole stack of paper
that he had you sign; is that correct, sir?


E.L.M.: Yes, sir.


Counsel: Did you read those documents, sir?


E.L.M.: No, sir.


Counsel: Okay. So why did you sign them?


E.L.M.: Because he said he would get me out on
probation, sir.


Counsel: Okay. So you signed those because he said that,
right?


E.L.M.: Yes, sir.


Counsel: But you didn't read those, did you?


E.L.M.: No, sir.


Counsel: Did he explain them to you at all?


E.L.M.: In a way, kind of, sir.


Counsel: Did he go item per item on those -- on that piece
of paper -- on the piece of papers?


E.L.M.: Like on some of them, sir.


Counsel: And you are asking the Court that because you
didn't know what you were signing and because
you failed to understand what your attorney was
doing, and your attorney failed to provide you
with -- with that information for you to make a
decision as to what you wanted to do, you are
asking the Court to go ahead and grant you a
new trial; is that correct?


E.L.M.: Yes, sir.


On cross-examination, E.L.M. testified:


Prosecutor: What exactly did you-all discuss?


E.L.M.: Well, we discussed if he would get -- that he
would try to get me out on probation?


* * * * *



Prosecutor: Okay. So he never actually promised you
that you would get probation; is that
correct?


E.L.M.: No, sir.


Prosecutor: He said he would try. He would ask the
Court for probation; is that correct?


E.L.M.: Yes, sir.


* * * * *



Prosecutor: Okay. Well let me ask you this. Did the
Judge go over these rights with you last
Friday?


E.L.M.: Yes, sir.


Prosecutor: Okay. Did you understand what the Judge
was telling you?


E.L.M.: Some of them, sir.


* * * * *



Prosecutor: Okay. Now this -- what does it say right
here?


E.L.M.: "Waiver of trial by jury."


Prosecutor: Okay. Now, did the honorable Roy Garza
review this document with you?


E.L.M.: Yes, sir.


Prosecutor: Okay. What did you understand this
document to mean at that time?


E.L.M.: That if I wanted a trial by jury or not, and what I
signed there so the Judge could hear.


Prosecutor: Okay. So you understood you were waiving
your trial by jury with this document; is that
correct?


E.L.M.: Yes, sir.


 While E.L.M. claims that he did not knowingly and intelligently
waive his right to a jury trial, his testimony at the adjudication hearing
and at the hearing on the motion for new trial conclusively establishes
that he did understand he was waiving the right by signing the
document entitled "WAIVER OF TRIAL BY JURY."

 We conclude E.L.M. was informed of and understood his right to
a trial by jury and that he voluntarily waived the right knowing the
consequences of such waiver. Accordingly, we hold the trial court did
not abuse its discretion by denying E.L.M.'s motion for new trial. We
overrule E.L.M.'s sole issue.

 The judgment of the trial court is affirmed.


 FEDERICO G. HINOJOSA

 Justice



Do not publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this

the 8th day of June, 2000.