**Affirmed and Memorandum Opinion filed October 29, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00817-CR

### DYLAN BRADLEY CIMINERA, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 240th District Court
Fort Bend County, Texas
Trial Court Cause No. 13-DCR-063595**

## M E M O R A N D U M   O P I N I O N

Appellant Dylan Bradley Ciminera appeals his conviction for aggravated robbery–serious bodily injury. In a single issue appellant contends the trial court abused its discretion in overruling appellant's motion for new trial. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellant entered a guilty plea to the offense of aggravated robbery–serious bodily injury. Appellant received the panoply of admonishments required by article

26.13 of the Code of Criminal Procedure and placed his initials next to each applicable admonishment including a paragraph admonishing appellant that the range of punishment for the offense was five to ninety-nine years in prison. Appellant entered his plea without an agreed recommendation on punishment and filed a motion for deferred adjudication community supervision.

Prior to accepting appellant's guilty plea, the trial court orally admonished him as to the range of punishment. Appellant stated that he understood the range of punishment, waived his right to a jury trial, and was not coerced into pleading guilty by threats or promises. Appellant stated he had conferred with counsel and that he believed counsel had "done a good job representing" him. Prior to hearing evidence on punishment, the following colloquy occurred between the trial court and appellant:

> [THE COURT]:All right. Before proceeding to pronounce sentence in the case, in order to preserve the Court's authority to consider deferred adjudication, understanding that, Mr. Ciminera, that just — Mr. Ciminera, while I'm preserving the right to consider it, that does not mean I'm going to automatically grant it. You understand that?
>
> THE DEFENDANT: Yes, your Honor.
>
> THE COURT: Has anybody promised you that if you pled guilty today and gave up all these rights I would give you deferred adjudication?
>
> THE DEFENDANT: No, your Honor. Mr. Levy [defense counsel] has made that very clear to me.

At the punishment hearing both appellant and the complainant testified. They are two recent high school graduates who were engaged in selling illegal drugs. Appellant believed that the complainant "set him up" to be robbed. In retaliation appellant went to the complainant's home with a gun,[1] and demanded money from the complainant. During the robbery appellant hit the complainant in the face, shattering his jaw. At the

---

[1] The parties dispute whether appellant pointed the gun at the complainant or left it in his pocket.

conclusion of the hearing, the trial court sentenced appellant to seven years in prison.

Following his sentencing appellant filed a motion for new trial in which he alleged he received ineffective assistance of counsel, and that he was advised by counsel Elan Levy that if he plead guilty, "it looked like the judge would give him 10 years deferred adjudication and 6 months in jail."

The trial court held a hearing on the motion for new trial. At the hearing, appellant testified that he plead guilty because his counsel told him that if he went to trial "with the evidence that they would basically crucify [him]." Appellant also testified that Levy told him "there was a good chance that [he] would get deferred adjudication, and that [appellant's co-defendant] would not be sent to prison." Appellant "knew there was a possibility that [he] could get the five years," but was confident in his lawyer's representation that he would get deferred adjudication and six months in county jail. Appellant agreed that his trial counsel "worked hard" for him, answered all his and his family's questions, and investigated the case to the best of his ability.

Appellant's trial counsel also testified at the hearing on the motion for new trial. Levy testified that he requested permission to personally write the presentence investigation (PSI) report for appellant because he felt it would aid appellant and the court in the assessment of punishment. Levy "spent hours" with appellant to develop appellant's personal and social background in addition to meeting with appellant's parents in an effort to properly include information in the PSI report. Levy testified that he did not promise appellant that he would receive deferred adjudication in exchange for his guilty plea. At the conclusion of the hearing, the trial court denied appellant's motion for new trial.

### ISSUE AND ANALYSIS

In a single issue, appellant contends the trial court abused its discretion in

3

overruling appellant's motion for new trial. Appellant's motion alleged that counsel rendered ineffective assistance by misinforming appellant about the punishment he would receive if he plead guilty.

To establish ineffective assistance of counsel, a criminal defendant must prove by a preponderance of the evidence that (1) his trial counsel's representation was deficient in that it fell below the standard of prevailing professional norms and (2) there is a reasonable probability that, but for counsel's deficiency, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005). Failure to show either deficient performance or sufficient prejudice defeats the claim of ineffectiveness. *Strickland*, 466 U.S. at 697.

"Misinformation concerning a matter, such as probation, about which a defendant is not constitutionally or statutorily entitled to be informed, may render a guilty plea involuntary if the defendant shows that his guilty plea was actually induced by the misinformation." *Brown v. State*, 943 S.W.2d 35, 42 (Tex. Crim. App. 1997). However, "a defendant's claim he was misinformed by counsel, standing alone, is not enough for us to hold his plea was involuntary." *Fimberg v. State*, 922 S.W.2d 205, 208 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd). A claim for ineffective assistance of counsel must be affirmatively supported by the record. *See Jackson v. State*, 973 S.W.2d 954, 955 (Tex. Crim. App. 1998); *Tabora v. State*, 14 S.W.3d 332, 336 (Tex. App.—Houston [14th Dist.] 2000, no pet.). Therefore, in determining the voluntariness of a guilty plea, the court should examine the record as a whole. *See Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998). The court first must make a threshold determination that counsel erroneously and incompetently advised the appellant before the second factor, concerning prejudice to the appellant, is reached. *Labib v. State*, 239 S.W.3d 322, 333 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

At the original plea hearing, appellant testified that he understood the court was reserving the possibility of deferred adjudication, but was not promising to grant it. Appellant also testified that Levy made it "very clear" to appellant that the court would not automatically assess deferred adjudication. At the hearing on the motion for new trial, appellant testified that he "knew there was a possibility that [he] could get the five years," but was confident in his lawyer's representation that he would get deferred adjudication and six months in county jail. Appellant's counsel testified that he did not advise appellant that he would receive deferred adjudication in exchange for pleading guilty.

On appeal, appellant contends that "although he was not specifically promised that he would receive deferred adjudication, the summary of the discussions he had with counsel in their entirety led him to reasonably believe that he would receive probation." The record does not reflect that counsel erroneously and incompetently advised appellant; therefore, appellant has failed to meet the first prong of the *Strickland* test.[2] Accordingly, we overrule appellant's sole issue.

We affirm the trial court's judgment.


/s/     John Donovan
        Justice



Panel consists of Chief Justice Frost and Justices Christopher and Donovan.
Do Not Publish — Tex. R. App. P. 47.2(b).

---

[2] In cases in which courts have held a guilty plea to have been involuntary, the record contains confirmation of the misinformation by counsel, or documents augmenting the defendant's testimony that reveal the misinformation and show its conveyance to the defendant. *See, e.g., Ex parte Battle*, 817 S.W.2d 81 (Tex. Crim. App. 1991); *Ex parte Griffin*, 679 S.W.2d 15 (Tex. Crim. App. 1984); *Ex parte Burns*, 601 S.W.2d 370 (Tex. Crim. App. 1980); *Helton v. State*, 909 S.W.2d 298 (Tex. App.—Beaumont 1995, pet. ref'd).