PD-1552-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 11/30/2015 3:51:36 PM
Accepted 12/1/2015 2:18:41 PM
ABEL ACOSTA
CLERK

NO.

# IN THE COURT OF CRIMINAL APPEALS OF

## OF THE STATE OF TEXAS

## AT AUSTIN, TEXAS

No. 14-14-00817-CR
IN THE COURT OF APPEALS
FOR THE
FOURTEENTH SUPREME JUDICIAL DISTRICT
AT HOUSTON

| DYLAN CIMINERA | § | APPELLANT |
| --- | --- | --- |
| V. | § | |
| STATE OF TEXAS | § | APPELLEE |

## APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

Steven R. Rosen
214 Morton St.
Richmond. Tx. 77469
TBC No. 05170200
Attorney for Appellant

FILED IN
COURT OF CRIMINAL APPEALS

December 1, 2015

ABEL ACOSTA, CLERK

## INTERESTED PARTIES

APPELLANT
Dylan Ciminera
Texas Department of Criminal Justice
Institutional Division

TRIAL JUDGE
Hon. Thomas R. Culver III
240th District Court of Fort Bend County

TRIAL AND APPELLATE COUNSEL
Steven R. Rosen
214 Morton St.
Richmond, Texas 77469

STATE OF TEXAS
John Healey
District Attorney, Fort Bend County
301 Jackson St.
Richmond, Texas

Fred Felcman
Assistant District Attorney
Fort Bend County, Texas

2

# TABLE OF CONTENTS

INTERESTED PARTIES...................................................................................................2

LIST OF AUTHORITIES...............................................................................................4

STATEMENT REGARDING ORAL ARGUMENT.................................................5

STATEMENT OF THE CASE.......................................................................................6

STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE......................7
GROUNDS FOR REVIEW...........................................................................................8

GROUND FOR REVIEW NUMBER ONE
    The Court of Appeals erred when it held that the trial court did not abuse its

    discretion in overruling Appellant's motion for new trial.............................9

PRAYER FOR RELIEF...............................................................................................10

CERTIFICATE OF COMPLIANCE..........................................................................11

CERTIFICATE OF SERVICE.....................................................................................11

APPENDIX A. (OPINION BELOW)..........................................................................12

# LIST OF AUTHORITIES

Cases

Brown v. State, 943 S.W. 2d 35, 43, (Tex.Crim.App. 1997)....................................9

Holden v. State, 201 S.W.3d 761 (Tex.Crim.App. 2006)...........................................9

Martinez v. State, 981 S.W.2d 195 (Tex.Crim. App. 1998)......................................9

Smith v. State, 266 S.W.3d 333,339 (Tex.Crim.App. 2009)....................................9

Williams v. State, 522 S.W.2d 483, 485 (Tex.Crim.App. 1975)...............................9

## STATEMENT REGARDING ORAL ARGUMENT

Appellant believes that oral argument is not necessary in this case.

## STATEMENT OF THE CASE

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

Appellant pleaded guilty to the court to the offense of aggravated robbery. After a presentence investigation and hearing the court sentenced Appellant to confinement in the Texas Department of Criminal Justice, Correctional Division, for a period of eight years.

6

## STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE

Appellant's appeal was affirmed in an unpublished opinion of the Fourteenth Court of Appeals rendered October 29, 2015. No motion for rehearing was filed.

## GROUNDS FOR REVIEW

GROUND FOR REVIEW NUMBER ONE:

The Court of Appeals erred when it held that the trial court did not abuse its discretion in overruling Appellant's motion for new trial.

## GROUND FOR REVIEW NUMBER ONE

The Court of Appeals erred when it held that trial court did not abuse its discretion in overruling Appellant's motion for new trial.

### Argument and Authorities

A trial court's ruling on a motion for new trial is reviewed under an abuse of discretion standard. Smith v. State, 266 S.W.3d 333, 339 (Tex.Crim.App. 2009). A trial court abuses its discretion in denying a motion for new trial only when no reasonable view of the record could support the trial court's ruling. Holden v. State, 201 S.W.3d 761, 763 (Tex.Crim. App. 2006).

A guilty plea determined to be involuntary must be set aside. Williams v. State, 522 S.W.2d 483, 485 (Tex.Crim.App. 1975). Misinformation concerning a matter, such as probation may render a guilty plea involuntary if the defendant shows that his guilty plea was actually induced by the misinformation. Brown v. State, 943 S.W.2d 35, 43 (Tex.Crim.App. 1997). In determining the voluntariness of a guilty plea the court should examine the record as a whole. Martinez v. State 981 S.W.2d 195, 197 (Tex.Crim.App. 1998).

In Appellant's case, although he was not specifically promised that he would receive deferred adjudication, the summary of the discussions he had with counsel in their entirety led him to reasonably believe that he would receive probation. The plea

9

was involuntary and the trial court abused its discretion in overruling his motion for new trial. The Court of Appeals erred when it held otherwise.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Petitioner prays that this Court grant this Petition for Discretionary Review, that the case be set for submission; that after submission this Court reverse the judgement of the Court of Appeals and remand for a new trial

Respectfully submitted,

/s/ Steven R. Rosen

Steven R. Rosen
214 Morton St.
Richmond, Tx. 77469
713-227-2900
TBC No. 05170200

10

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing document contains 745 words, generated by computer.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument has been e-served to the Fort Bend County District Attorney's Office, and to Lisa C. McMinn, State Prosecuting Attorney, P.O. Box 12405, Austin, Texas 78711, this the 30th day of November, 2015.

/s/Steven R. Rosen

**Affirmed and Memorandum Opinion filed October 29, 2015.**



In The

## Fourteenth Court of Appeals

### NO. 14-14-00817-CR

## DYLAN BRADLEY CIMINERA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 240th District Court
Fort Bend County, Texas
Trial Court Cause No. 13-DCR-063595**

## MEMORANDUM OPINION

Appellant Dylan Bradley Ciminera appeals his conviction for aggravated robbery–serious bodily injury. In a single issue appellant contends the trial court abused its discretion in overruling appellant's motion for new trial. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellant entered a guilty plea to the offense of aggravated robbery–serious bodily injury. Appellant received the panoply of admonishments required by article

26.13 of the Code of Criminal Procedure and placed his initials next to each applicable admonishment including a paragraph admonishing appellant that the range of punishment for the offense was five to ninety-nine years in prison. Appellant entered his plea without an agreed recommendation on punishment and filed a motion for deferred adjudication community supervision.

Prior to accepting appellant's guilty plea, the trial court orally admonished him as to the range of punishment. Appellant stated that he understood the range of punishment, waived his right to a jury trial, and was not coerced into pleading guilty by threats or promises. Appellant stated he had conferred with counsel and that he believed counsel had "done a good job representing" him. Prior to hearing evidence on punishment, the following colloquy occurred between the trial court and appellant:

> [THE COURT]:All right. Before proceeding to pronounce sentence in the case, in order to preserve the Court's authority to consider deferred adjudication, understanding that, Mr. Ciminera, that just — Mr. Ciminera, while I'm preserving the right to consider it, that does not mean I'm going to automatically grant it. You understand that?
>
> THE DEFENDANT: Yes, your Honor.
>
> THE COURT: Has anybody promised you that if you pled guilty today and gave up all these rights I would give you deferred adjudication?
>
> THE DEFENDANT: No, your Honor. Mr. Levy [defense counsel] has made that very clear to me.

At the punishment hearing both appellant and the complainant testified. They are two recent high school graduates who were engaged in selling illegal drugs. Appellant believed that the complainant "set him up" to be robbed. In retaliation appellant went to the complainant's home with a gun,[1] and demanded money from the complainant. During the robbery appellant hit the complainant in the face, shattering his jaw. At the

---

[1] The parties dispute whether appellant pointed the gun at the complainant or left it in his pocket.

conclusion of the hearing, the trial court sentenced appellant to seven years in prison.

Following his sentencing appellant filed a motion for new trial in which he alleged he received ineffective assistance of counsel, and that he was advised by counsel Elan Levy that if he plead guilty, "it looked like the judge would give him 10 years deferred adjudication and 6 months in jail."

The trial court held a hearing on the motion for new trial. At the hearing, appellant testified that he plead guilty because his counsel told him that if he went to trial "with the evidence that they would basically crucify [him]." Appellant also testified that Levy told him "there was a good chance that [he] would get deferred adjudication, and that [appellant's co-defendant] would not be sent to prison." Appellant "knew there was a possibility that [he] could get the five years," but was confident in his lawyer's representation that he would get deferred adjudication and six months in county jail. Appellant agreed that his trial counsel "worked hard" for him, answered all his and his family's questions, and investigated the case to the best of his ability.

Appellant's trial counsel also testified at the hearing on the motion for new trial. Levy testified that he requested permission to personally write the presentence investigation (PSI) report for appellant because he felt it would aid appellant and the court in the assessment of punishment. Levy "spent hours" with appellant to develop appellant's personal and social background in addition to meeting with appellant's parents in an effort to properly include information in the PSI report. Levy testified that he did not promise appellant that he would receive deferred adjudication in exchange for his guilty plea. At the conclusion of the hearing, the trial court denied appellant's motion for new trial.

## ISSUE AND ANALYSIS

In a single issue, appellant contends the trial court abused its discretion in

overruling appellant's motion for new trial. Appellant's motion alleged that counsel rendered ineffective assistance by misinforming appellant about the punishment he would receive if he plead guilty.

To establish ineffective assistance of counsel, a criminal defendant must prove by a preponderance of the evidence that (1) his trial counsel's representation was deficient in that it fell below the standard of prevailing professional norms and (2) there is a reasonable probability that, but for counsel's deficiency, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005). Failure to show either deficient performance or sufficient prejudice defeats the claim of ineffectiveness. *Strickland*, 466 U.S. at 697.

"Misinformation concerning a matter, such as probation, about which a defendant is not constitutionally or statutorily entitled to be informed, may render a guilty plea involuntary if the defendant shows that his guilty plea was actually induced by the misinformation." *Brown v. State*, 943 S.W.2d 35, 42 (Tex. Crim. App. 1997). However, "a defendant's claim he was misinformed by counsel, standing alone, is not enough for us to hold his plea was involuntary." *Fimberg v. State*, 922 S.W.2d 205, 208 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd). A claim for ineffective assistance of counsel must be affirmatively supported by the record. *See Jackson v. State*, 973 S.W.2d 954, 955 (Tex. Crim. App. 1998); *Tabora v. State*, 14 S.W.3d 332, 336 (Tex. App.— Houston [14th Dist.] 2000, no pet.). Therefore, in determining the voluntariness of a guilty plea, the court should examine the record as a whole. *See Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998). The court first must make a threshold determination that counsel erroneously and incompetently advised the appellant before the second factor, concerning prejudice to the appellant, is reached. *Labib v. State*, 239 S.W.3d 322, 333 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

4

At the original plea hearing, appellant testified that he understood the court was reserving the possibility of deferred adjudication, but was not promising to grant it. Appellant also testified that Levy made it "very clear" to appellant that the court would not automatically assess deferred adjudication. At the hearing on the motion for new trial, appellant testified that he "knew there was a possibility that [he] could get the five years," but was confident in his lawyer's representation that he would get deferred adjudication and six months in county jail. Appellant's counsel testified that he did not advise appellant that he would receive deferred adjudication in exchange for pleading guilty.

On appeal, appellant contends that "although he was not specifically promised that he would receive deferred adjudication, the summary of the discussions he had with counsel in their entirety led him to reasonably believe that he would receive probation." The record does not reflect that counsel erroneously and incompetently advised appellant; therefore, appellant has failed to meet the first prong of the *Strickland* test.[2] Accordingly, we overrule appellant's sole issue.

We affirm the trial court's judgment.

/s/    John Donovan
       Justice

Panel consists of Chief Justice Frost and Justices Christopher and Donovan.
Do Not Publish — Tex. R. App. P. 47.2(b).

---

[2] In cases in which courts have held a guilty plea to have been involuntary, the record contains confirmation of the misinformation by counsel, or documents augmenting the defendant's testimony that reveal the misinformation and show its conveyance to the defendant. *See, e.g., Ex parte Battle*, 817 S.W.2d 81 (Tex. Crim. App. 1991); *Ex parte Griffin*, 679 S.W.2d 15 (Tex. Crim. App. 1984); *Ex parte Burns*, 601 S.W.2d 370 (Tex. Crim. App. 1980); *Helton v. State*, 909 S.W.2d 298 (Tex. App.—Beaumont 1995, pet. ref'd).